Candelario G. REYNA, Jr., Appellant,

v.

Christine REYNA, Appellee.

No. B2088.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 18, 1979.

Rehearing Denied Aug. 8, 1979.

William Dickson, Houston, for appellant.

D. John Leger, Paul D. Glover, Leger, Hall, Hill & Glover, Carolyn J. Coughlin, Houston, for appellee.

Before MILLER, PRESSLER and SALAZAR, JJ.

SALAZAR, Justice.

This suit was instituted by appellant, Candelario G. Reyna, Jr. for modification of custody of one minor child previously awarded to appellee, Christine Reyna, in a divorce proceeding between the parties. Trial in the case was to a jury who found adversely to appellant on the special issues involving custody, and in answer to two other special issues, found the sum of $4,797.00 to be reasonable and necessary attorney's fees for appellee's attorney, Paul D. Glover, a member of the firm of D. John Leger & Associates. In another special issue, the jury found that the attorney's fees

for appellee should not be assessed against appellant. Appellee was then granted her motion to disregard this finding. Judgment was subsequently entered by the trial court denying appellant's motion for modification of custody and awarding appellee's attorney, Paul D. Glover of D. John Leger & Associates, the sum of $4,797.00 as attorney's fees. On this appeal, appellant complains only of the award of attorney's fees.

■ Tex.Fam.Code Ann. § 11.18 (Vernon 1975) permits the trial court to tax reasonable attorney's fees as costs which may be ordered paid directly to the attorney, who may in turn enforce the order for fees in his own name. The reasonableness of attorney's fees is a question of fact to be determined by the trier of the facts and must be supported by competent evidence. *Great American Reserve Insurance Company v. Britton*, 406 S.W.2d 901 (Tex.1966); *Peeples v. Peeples*, 562 S.W.2d 503 (Tex.Civ.App.— San Antonio 1978, no writ). Point of error one is overruled.

Points of error two and three contest the submission of special issues three and four. In its answer to special issue three, the jury found that it was necessary that appellee, Christine Reyna, hire an attorney to protect her rights and that of her minor child during the trial of this action. In response to special issue number four, the jury found that the sum of $4,797.00 was the reasonable and necessary amount to be allowed as attorney's fees in this cause for the representation of appellee.

■ We overrule points of error numbers two and three. There was competent testimony from the attorneys representing both parties as to the reasonableness of the fees and it was properly within the province of the jury to determine the reasonableness and sum of such attorney's fees. Furthermore, appellee pled for her attorney's fees both in her original answer to the appellant's motion to modify and in her cross action; thus, we overrule point of error five. While appellant complains of the omission of a definition of "necessary" submitted in connection with special issue three, it is apparent from the record on

appeal that appellant did not tender a written requested instruction pursuant to Tex. R.Civ.P. 279. Appellant has thus waived any complaint on this ground in this appeal.

Point of error four urges error by the trial court in disregarding the jury's answer to special issue five wherein the jury found that the attorney's fees for appellee should not be assessed against appellant. As the Chief Justice in this Court held in *Derbonne v. Derbonne*, 555 S.W.2d 507 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd), the award of attorney's fees in actions to change custody and other actions falling under the Texas Family Code dealing with suits affecting the parent-child relationship including Section 11.-18 previously cited herein, is soundly within the discretion of the trial court. In *Derbonne*, this Court affirmed the failure of the trial court to award attorney's fees to appellant in defense of a cross action as being within the discretion of the trial court notwithstanding a jury finding that $2,000.00 attorney's fees was a reasonable amount for the services performed. After reviewing the record, in this case, we cannot say that the trial court abused its discretion in awarding appellee attorney's fees in the amount found by the jury.

Having reviewed all points of error and the authorities cited therein, we affirm the trial court below.