Affirmed in Part, Dismissed in Part, and Memorandum Opinion filed
November 17, 2005









 

Affirmed in Part, Dismissed in Part, and Memorandum Opinion
filed November 17, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00991-CV

____________

 

AMAKA NJEAKO, Appellant

 

V.

 

EBELE NJEAKO, Appellee

 



 

On Appeal from the 309th District
Court

Harris County, Texas

Trial Court Cause No. 00-56960

 



 

M E M O R A N D U M   O P I N I O N








Appellant Amaka Njeako appeals from orders
modifying her child-support obligations and holding her in contempt for
violating the possession provisions of her divorce decree.  In three issues, she challenges the trial
court=s decisions to (1)
proceed with the modification hearing when she did not have counsel, (2)
increase her child support and grant income withholding for appellee Ebele
Njeako=s attorney=s fees, and (3)
hold her in contempt for violating orders in the divorce decree regarding
possession of their child.[1]  We dismiss the appeal from the contempt order
and affirm the remaining orders.

Procedural
Background

Amaka and Ebele Njeako were divorced July
2, 2001.  Ebele was named primary joint
managing conservator of their only child. 
Among other matters, the divorce decree provided that Amaka was to have
possession of the child for certain specified periods and to return the child
to Ebele at specific times.  The decree
also provided Amaka was to pay Ebele $180 per month in child support.

In late 2003 or early 2004, Amaka filed a
petition to modify the parent-child relationship.[2]  The hearing on Amaka=s petition to
modify was eventually set for June 7, 2004. 
By June 7, 2004, Ebele had filed motions in which he sought enforcement
of the child support and possession and access orders and  a counter-petition in which he sought to
adjust Amaka=s child support to conform to the
statutory guidelines and to have Amaka pay his attorney=s fees.[3]  During this same time period, on February 10,
2004, Amaka had filed a motion for contempt alleging Ebele had violated the
possession orders.  Amaka=s motion was
submitted by Attorney Shola A. Sutton.








On June 7, 2004, Amaka appeared without
counsel and repeatedly informed the trial court she needed to obtain an
attorney before she could proceed.  The
Ebele=s attorney ad
litem represented to the court that Amaka=s counsel, who was
Amaka=s fifth attorney, A[o]fficially
withdrew probably a couple of weeks ago when the order was signed but we found
out at the mediation he was going to withdraw.@  The trial court decided to defer Ebele=s enforcement
motions until Amaka could obtain counsel but to proceed on the remaining
matters.  The court swore all parties who
expected to testify and conducted a hearing to determine whether Amaka
qualified for court appointed counsel. 
Amaka testified she worked forty hours per week and was paid $13.50 per
hour.  The court found Amaka was not
legally indigent and not entitled to court appointed counsel, but reset the
enforcement hearing to July 15, 2004.

The court next asked whether Amaka was
ready to proceed on her petition to modify, 
Amaka indicated she was not, and the court overruled her objection to
proceeding.  Amaka informed the court, AMy attorney just
left two weeks ago.@

The court then proceeded on Ebele=s motion to modify
child support.  Ebele was the only
witness in support of the modification. 
He testified he was familiar with the guidelines and, based on the
guidelines and Amaka=s making $13.50 per hour, he was asking
for $448.49 in child support.  He also
introduced Amaka=s 2003 tax return, on which she listed the
child as a dependent.  He requested that
he be given half of the $3,863 Amaka received as a refund.

Ebele=s attorney stated
she charged Ebele $175 per hour, had spent thirty-five hours on the motion to
modify, including documents, mediation, all consultation, and hearings.  The total was $6,125, including $110 for
service and $16.48 for certified copy. 
She further stated the amount was reasonable and necessary and
customarily charged in Harris County. 
The amount she was asking was solely for the modification.








The trial court subsequently entered a
written order, which, among other matters, required Amaka to pay $381.14 per
month in child support.[4]  The court awarded Ebele=s attorney
judgment of $6,100 for legal services, with judgment awarded as child support
against Amaka.

On July 15, 2004, the trial court heard
Ebele=s motions for
enforcement.  Amaka appeared with
counsel.

Ebele testified regarding thirty-one
occasions, ending on January 18, 2004, on which Amaka had failed to return the
child at the ordered time.[5]  He testified he kept an accurate list of the
dates and times Amaka did not return the child on time; he did not introduce
the list into evidence.  Amaka testified
she returned the child on time on the dates about which Ebele testified.

On August 10, 2004, the trial court
entered an order finding Amaka violated the possession order on seventeen
occasions between June 9, 2002 and June 8, 2003, and held Amaka in contempt for
each separate violation.  The court
assessed punishment for each violation at thirty-day=s confinement in
the county jail, with the periods of confinement to run concurrently.  The court further ordered the commitment
suspended and placed Amaka on two year=s probation.  As conditions of probation, Amaka was to
return the child as ordered by the court and to pay $750, taxed as costs, at a
rate of $50 per month until paid in full.








Amaka filed motions for new trial
challenging both the modification order and the contempt order.  The court heard the motions on September 21,
2004.  Ebele called Amaka=s former counsel,
Attorney Sutton.  Sutton testified he
informed Amaka on May 5, 2004, the day of the mediation, that he would no
longer represent her.  He told her to be
sure to get another attorney and believed she would have had enough time to
obtain an attorney before the June 2004 hearing.  He believed he filed a motion to withdraw Aprobably a few
days after the mediation.@  He
could not state exactly when he filed a motion to withdraw because Amaka had
come to his office and forcibly  removed
the file from one of his secretaries. 
The trial court denied the motions for new trial by written order.

Discussion

I. 
Denial of Amaka=s Oral Request for
Time to Obtain Counsel

In her first issue Amaka contends the
trial court erred or abused its discretion in conducting the modification
hearing after she requested more time to obtain an attorney.  She argues the trial court=s decision to
proceed violated her due process rights and did not serve the child=s best interest.

We review denial of a continuance under an
abuse-of-discretion standard.  See In
re E.L.T., 93 S.W.3d 372, 374 (Tex. App.CHouston [14th
Dist.] 2002, no pet.) (in context of parental rights termination case, stating
decision to grant or deny motion for continuance is within trial court=s sound
discretion).  We cannot substitute our
judgment for the trial court=s, but must
determine only whether the trial court=s action was so
arbitrary as to exceed the bounds of reasonable discretion.  Id. 
A trial court abuses its discretion if its decision is arbitrary,
unreasonable, and without reference to any guiding rules and principles.  Id. at 375.

Texas Rule of Civil Procedure 251
provides, ANo application for a continuance . . .
shall . . . be granted except for sufficient cause supported by affidavit, or
by consent of the parties, or by operation of law.@  Tex.
R. Civ. Pro. 251.  Ebele objected
to continuing the modification hearing, and Amaka does not argue a continuance
was warranted by operation of law.








Generally, when movants fail to comply
with rule 251=s requirement that a motion for
continuance be Asupported by affidavit,@ a reviewing court
presumes the trial court did not abuse its discretion in denying the
motion.  Villegas v. Carter, 711
S.W.2d 624, 626 (Tex. 1986).  In Villegas,
however, the supreme court reasoned, AIt would be
unrealistic to apply this presumption to lay movants who without fault have
their attorney withdrawn.@  Id.  Villegas involved a situation in which
the trial court had granted counsel=s motion to
withdraw two days before trial.  Id.
at 625.  Villegas appeared at trial
without counsel and told the court that he wanted time to get an attorney, that
he first learned about the attorney=s attempt to withdraw
six days earlier, that the attorney would not turn over his file to him, and
that he wanted to hire a specific attorney, but the attorney would not take the
case until he could look over the file.  Id.
at 625B26.  The supreme court held the trial court abused
its discretion in denying Villegas=s request because
the evidence showed Villegas was not negligent or at fault for causing his
attorney=s withdrawal, two
days was too short a time to find a new attorney and for the new attorney to
investigate the case, and the former attorney=s refusal to turn
over the file was preventing Villegas from obtaining a new attorney.  Id. at 626.

In contrast, in Taherzadeh v.
Galeh-Assadi, an appeal from the grant of a protective order, the Dallas
Court of Appeals refused to apply the Villegas exception to the
presumption and held an oral motion by a lay movant was insufficient to
preserve a complaint about denial of a continuance.  108 S.W.3d 927, 928 (Tex. App.CDallas 2003, pet.
denied).  The court distinguished the
case before it from Villegas:

Here, Taherzadeh had nine days
between the date he received notice and the date of the hearing to obtain
counsel.  On the day of the hearing, the
court also gave Taherzadeh at least thirty minutes before the hearing to call
an attorney, but Taherzadeh stated he was unable to reach one.  Taherzadeh was never in a situation similar
to that of Villegas.  Therefore, we
conclude the exception in Villegas does not apply to the present case,
and Taherzadeh did not preserve his complaint for our review.

 

Id. at 928.[6]








The present case is more analogous to Taherzadeh
than to Villegas.  Amaka had
between two weeks and one month to obtain a new attorney.  According to Ebele=s attorney=s representation,
the new attorney would have been Amaka=s sixth attorney
in the case.  Amaka did not indicate to
the trial court whether she had an attorney or how much time she needed to get
one.  We conclude the trial court did not
abuse its discretion in denying Amaka=s oral motion for
time to obtain an attorney for the modification hearing.

Neither did the trial court=s decision violate
Amaka=s due process
rights.  There is no mechanical test for
determining when the denial of a continuance is so arbitrary as to violate due
process.  Guerrero‑Ramirez v.
Tex. State Bd. of Med. Examiners, 867 S.W.2d 911, 916 (Tex. App.CAustin 1993, no
writ) (citing Ungar v. Sarafite, 376 U.S. 575, 591, 84 S. Ct. 841, 850
(1964)).  Instead, a reviewing court must
consider the circumstances presented to the trial judge at the time the request
is denied.  Id.  (citing Ungar, 376 U.S. at 591, 84 S.
Ct. at 850).








By her own admission, Amaka had knowledge
of her attorney=s withdrawal at least two weeks before the
modification hearing.  According to the
testimony of her former attorney, he informed her of his withdrawal a month
before the hearing.  In neither her oral
request nor her subsequent motion for new trial, did she present the trial
court with any evidence to show her failure to be represented at the hearing
was not due to her own fault or negligence. 
Cf. Moss v. Malone, 880 S.W.2d 45, 51 (Tex. App.CTyler 1994, writ
denied) (stating right to be heard in court by counsel of one=s choice is a
valuable right and unwarranted denial of right is fundamental error when
litigant, without negligence or default on his part, is deprived of right of
counsel on eve of trial).[7]  Under the circumstances here, we cannot
conclude the trial court violated Amaka=s due process
rights when it denied her oral request for additional time to obtain an
attorney.

Finally, we cannot conclude denial of
Amaka=s request
implicated the child=s best interests.  The child was represented by her own attorney
ad litem at the modification hearing.  Amaka
has provided no case law in support of her claim it is in the child=s best interest
that the parent be afforded the opportunity to procure counsel, and we have
found none.

We overrule Amaka=s first issue.

II. 
Modification of the Child Support Order and Award of Attorney=s Fees  

In her second issue, Amaka contends the
trial court Aerred@ in increasing
child support without verification of income and in granting income withholding
for Ebele=s attorney=s fees.  We review a trial court=s order setting or
modifying child support under an abuse of discretion standard.  In re D.S., 76 S.W.3d 512, 516 (Tex.
App.CHouston [14th
Dist.] 2002, no pet.) (citing Worford v. Stamper, 801 S.W.2d 108, 109
(Tex. 1990) (per curium)).  The test for
abuse of discretion is whether the court acted arbitrarily or unreasonably,
that is, without reference to guiding rules and principles.  Id. (citing Worford, 801 S.W.2d
at 109).  In determining whether the
trial court abused its discretion, we view the evidence in the light most
favorable to the trial court=s actions and
indulge in every legal presumption in favor of the judgment.  Id. 
In this context, allegations of legal and factual insufficiency are not
independent grounds of error because the appropriate standard of review is
abuse of discretion.  See id.
(citing Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991)).









Amaka faults the trial court for
increasing her child support obligation because there was no evidence her
circumstances have changed materially and substantially to justify an increase
in child support.  Texas Family Code
section 156.401, however, provides in relevant part:

(a) Except as provided by
Subsection (b), the court may modify an order that provides for the support of
a child if:

(1) the circumstances of the child
or a person affected by the order have materially and substantially changed
since the earlier of:

(A) the date of the order=s rendition;  or

(B) the date of the signing of a
mediated or collaborative law settlement agreement on which the order is
based;  or

(2) it has been three years since
the order was rendered or last modified and the monthly amount of the child
support award under the order differs by either 20 percent or $100 from the
amount that would be awarded in accordance with the child support guidelines.

 

Act of May 27, 2003, 78th Leg., R.S., ch. 1036, ' 21, 2003 Tex. Gen
Laws 2987, 2993B94 (amended 2005) (current version at Tex. Fam. Code Ann. ' 156.401(a)
(Vernon Supp. 2005)).[8]  Thus, a material and substantial change of
circumstances is only one of two alternative reasons warranting a modification
of a child support order.  A trial court
may also modify an order after three years if the amount under the order
differs by specified amounts from the guideline award. 








In the present case, the trial court
rendered the divorce decree setting Amaka=s child support
obligation at $180 dollars per month on July 2, 2001.  It rendered the order modifying that amount
on July 19, 2004, more than three years later.

Given Amaka=s undisputed testimony
she earned $13.50 per hour and worked forty hours per week, her annual wages
for fifty-two weeks would be $28,080 and her monthly wages would be
$2,340.  There was no evidence Amaka had
any deductions from her wages for union dues or expenses for health insurance
for her child.  See Tex. Fam. Code Ann. ' 154.062(d)(4),
(5) (Vernon 2002).[9]  Under the Office of the Attorney General
Revised Tax Charts for 2003, gross monthly wages of $2,300 yielded a net
monthly income of $1905.72.  See Office of the Attorney General Revised Tax
Charts for 2003, available at
http://www.oag.state.tx.us/AG_Publications/pdfs/2003taxcharts.pdf.  Under the statutory child support guidelines,
if a person=s monthly net resources are $6,000 or
less, the court shall presumptively apply a guideline of twenty percent of a
person=s monthly net
resources for a person having an obligation for one child.  See Tex.
Fam. Code Ann. ' 154.125 (Vernon 2002).  Twenty percent of $1,905.72 is $381.14.  Thus, the presumptive amount under the
guidelinesCand the amount ordered by the trial courtCconstitutes a
difference of more than $100 from the amount awarded in the divorce
decree.  See Tex. Fam. Code Ann. ' 156.401(a)(2)
(Vernon Supp. 2005).

In modifying Amaka=s child support
obligation, the trial court followed the statutory requirements for
modification and the relevant guidelines. 
The trial court did not abuse its discretion in modifying the child
support order.








Amaka also contends the grant of
withholding of Ebele=s attorney=s fees is without
support and is excessive.  Under the
Texas Family Code, the trial court has discretion to award reasonable attorney=s fees in a suit
affecting the parent-child relationship. 
London v. London, 94 S.W.3d 139, 146 (Tex. App.CHouston [14th
Dist.] 2002, no pet.); see Tex.
Fam. Code Ann. ' 106.002(a) (Vernon Supp. 2005).  The reasonableness of attorney=s fees is a
question of fact to be determined by the trier of fact and must be supported by
competent evidence.  Reyna v. Reyna,
584 S.W.2d 926, 927 (Tex. Civ. App.CHouston [14th
Dist.] 1979, no writ).  A judgment
awarding attorney=s fees may be supported solely by the
attorney=s testimony.  Peeples v. Peeples, 562 S.W.2d 503,
506 (Tex. Civ. App.CSan Antonio 1978, no writ) (citing Boysen
v. Security Lumber Co., 531 S.W.2d 454, 457 (Tex. Civ. App.CHouston [14th
Dist.] 1975, no writ)).

Ebele=s attorney stated
she charged Ebele $175 per hour and had expended 35 hours on the motion to
modify for a total of $6,125, which included $110 for service and $16.48 for
certified copy.[10]  She also stated the entire amount was related
to the modification, and the amount is one that is customarily charged in
Harris County, and is reasonable and necessary in a case such as this one.  Amaka did not controvert these statements,
even when represented by counsel at the hearing on her motion for new trial.  See Tull v. Tull, 159 S.W.3d 758, 761
(Tex. App.CDallas 2005, no pet.) (stating attorney=s uncontradicted
testimony served as evidence on the reasonableness of his fees).  We conclude the trial court did not abuse its
discretion in awarding Ebele=s attorney $6,100
for legal services, with judgment awarded as child support against Amaka.  Cf. 
Watler v. Watler, No. 01-01-01038-CV, 2003 WL 1091765, at *3B4 (Tex. App.CHouston [14th
Dist.] Mar. 13, 2003, no pet.) 
(memorandum op.) (upholding trial court=s award of
$16,202.50 in attorney=s fees under Texas Family Code section
106.002).








We overrule Amaka=s second issue.

III.  Finding of Contempt

In her third
issue, Amaka contends there was no evidence she failed to return the child to
the custodial parent, and therefore the trial court erred in holding her in
contempt for violating the possession order. 
It is well established that a ruling on a motion for contempt is not
appealable, but can be challenged only by an original proceeding.  See In re B.A.C., 144 S.W.3d 8, 11B12 (Tex. App.CWaco 2004, no
pet.) (citing cases).  Accordingly,
appellate courts do not have jurisdiction to review contempt proceedings on
direct appeal.  In re T.L.K., 90
S.W.3d 833, 841 (Tex. App.CSan Antonio 2002,
no pet.).  This rule applies even when a
party appeals the contempt order along with a judgment that is appealable.  In re A.C.J., 146 S.W.3d 323, 326
(Tex. App.CBeaumont 2004, no pet.) (citing In re
M.E.G., 48 S.W.3d 204, 209 (Tex. App.CCorpus Christi
2000, no pet.)).  We therefore dismiss
Amaka=s third issue for
lack of jurisdiction.  See In
re T.L.K., 90 S.W.3d at 841; see also Foster v. Foster, No. 14‑96‑01051‑CV,
1998 WL 42597, at *3 (Tex. App.CHouston [14th
Dist.] Feb. 5, 1998, no pet.) (not designated for publication) (holding court
had no jurisdiction to hear appeal regarding contempt proceedings, and
dismissal is appropriate disposition of point of error over which court has no
jurisdiction).

Conclusion

Having overruled
Amaka=s first and second
issues, we affirm the order of the trial court modifying Amaka=s child support
obligation and awarding Ebele=s attorney $6,100
for legal services, with judgment awarded as child support against Amaka.  Having concluded we have no jurisdiction of
Amaka=s appeal from the
order finding her in contempt for 

 








violating the possession order, we dismiss
the appeal from this order.[11]

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed November 17,
2005.

Panel consists of Chief Justice Hedges and Justices Yates
and Anderson.











[1]  At the
contempt hearing, the court also heard testimony directed at Amaka=s alleged violations of the child support order and
subsequently entered an order holding Amaka in contempt for violating the
support order.  Although Amaka challenged
this order in a motion for new trial, she does not renew this complaint on
appeal.





[2]  Amaka=s petition is not part of the record.  The record does, however, contain Ebele=s answer and first amended answer to the petition and
Ebele=s counsel=s
reference to the petition.





[3]  See Tex. Fam. Code Ann. ' 154.125 (Vernon 2002) (regarding application of
guidelines to net resources of $6,000 or less).





[4]  The order was
entered July 19, 2004.





[5]  On
cross-examination, Ebele testified the trial court had ordered Amaka and him to
keep restaurant receipts after the thirty-one times for which he was seeking
enforcement.  This testimony is
consistent with Amaka=s testimony the trial court advised them on February
11 they should keep receipts.  Ebele was
not stating he had receipts for the thirty-one times at issue.





[6]  The court of
appeals also concluded Taherzadeh=s
argument regarding denial of the continuance failed on the merits.  Taherzadeh v. Galeh-Assadi, 108 S.W.3d
927, 928 (Tex. App.CDallas 2003, pet. denied).





[7]  Amaka contends
her case is more egregious than Moss v. Malone, 880 S.W.2d 45, 51 (Tex.
App.CTyler 1994, writ denied). In Moss, however, the
court of appeals addressed the following question:  whether the trial court committed reversible
error by granting counsel=s motion to withdraw one day before trial in violation
of Texas Rule of Civil Procedure 10 and Texas Disciplinary Rule of Professional
Conduct 1.15.  Id. at 49.  Thus, despite the trial court=s having continued the case after Moss=s attorney moved to withdraw, the appellate court
focused on the withdrawal date in relation to the original date set for trial
and was primarily concerned with counsel=s having
filed a non-conforming motion to withdraw. 
See id. at 49B50.  Although
Attorney Sutton=s motion in the present case is not part of the record
on appeal, Amaka=s questioning of Sutton assumes Sutton filed a motion
to withdraw, and Amaka presented no evidence Sutton=s motion did not conform with the rules.





[8]  Subsection (b)
provides:

 

A support order may be modified only as to obligations
accruing after the earlier of:

 

(1) the date of service of citation;  or

(2) an appearance in the suit to modify.

 

Tex. Fam. Code Ann. ' 156.401(b) (Vernon Supp. 2005).

 





[9]  In the divorce
decree, the trial court found the child was a beneficiary of a health insurance
plan provided through Ebele=s employment or membership in a union, trade
association, or other organization.  The
court also ordered Amaka to pay Ebele the cost of insuring the child on Ebele=s health insurance plan.  In his motion for enforcement, Ebele alleged
fourteen months of arrearage for health insurance premiums.  No evidence was introduced on this allegation
at either the modification or the contempt hearing.





[10]  Ebele
represents his attorney was not under oath when providing the court with this
information, but that Amaka has waived that complaint (which she does not make
on appeal) because she did not object in the trial court.  As set forth in procedural background above,
earlier in the hearing, the trial court administered the oath to Aall parties that expect[ed] to testify.@





[11]  Ebele requests
this court to impose sanctions on Amaka under Texas Rule of Appellate Procedure
45.  Although this court would have
benefitted by more complete briefing of Amaka=s three
issues by both parties, this case does not present egregious
circumstances warranting rule 45 sanctions. 
See Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist., 78
S.W.3d 666, 676 (Tex. App.CHouston [14th Dist.] 2002, no pet.) (stating this
court will impose sanctions Aonly in circumstances that are truly egregious@).