Opinion issued May 21, 2009
 
















     




In The
Court of Appeals
For The
First District of Texas
  


  
NO. 01-07-00750-CV
   


  
D’JUANA FORSTER PARR, Appellant
  
V.
 
BRIAN K. PARR, Appellee
 


On Appeal from the 247th District Court
Harris County, Texas
Trial Court Cause No. 2006-35492
 

 

 
 
 
 
MEMORANDUM OPINION
          Appellant, D’Juana Parr (“D’Juana”), brings this restricted appeal of a default
judgment rendered in favor of appellee, Brian K. Parr (“Brian”), in a suit to modify
the parent-child relationship. In five issues, D’Juana argues that she is entitled to a
restricted appeal and that the trial court erred by changing the parties’ conservatorship
status, failing to give D’Juana any specific enforceable periods of visitation with the
couple’s child, and awarding Brian attorney’s fees.


 
          Brian has not filed an appellate brief.
          We dismiss as moot in part and vacate in part.         
Background
          Brian and D’Juana had a son, J.M.P., in 1998 and divorced in Harris County
in May of 2001. The trial court appointed Brian and D’Juana joint managing
conservators of J.M.P., entered a standard possession order, and ordered D’Juana to
pay child support.
          On April 24, 2006, Brian filed an emergency petition to modify the parent-child
relationship, asking that D’Juana “be denied access and visitation to the Child” or, in
the alternative, that D’Juana’s contact with J.M.P. be supervised “by a SAFE program
or its equivalent” and “restricted to the Child’s home state, currently North Carolina.”
D’Juana did not file an answer or appear at trial.
          After hearing Brian’s evidence, the trial court, among other matters not relevant
to this appeal, removed Brian and D’Juana as joint managing conservators, appointed
Brian sole managing conservator, appointed D’Juana possessory conservator, and
awarded Brian $3,500 in attorney’s fees “in the nature of child support.”
          In addition, the trial court ordered that D’Juana “have visitation periods with
[J.M.P.] only on the third (3rd) Saturday of every month” and that “all such visitation
periods shall be continuously supervised and occur only through a Forsythe County
[North Carolina] Family Law Services program, which provides monitored access
between [D’Juana] and [J.M.P.]. . . . If such a program is not available, IT IS
ORDERED that [D’Juana] not be allowed any access or visitation until further
ORDER of this Court.”
          The trial court entered its order on August 31, 2006. D’Juana filed her notice
of restricted appeal on February 27, 2007.
Restricted Appeal
          In her first issue, D’Juana contends that she is entitled to review by restricted
appeal. To prevail on restricted appeal, an appellant must establish the following: (1)
she filed the notice of the restricted appeal within six months after the judgment or
order appealed from was signed; (2) she was a party to the underlying suit; (3) she
did not timely file a post-judgment motion or request for findings of fact and
conclusions of law, or notice of appeal; (4) she did not participate, either in person
or through counsel, in the actual trial of the case; (5) the trial court erred; and (6) the
error is apparent from the face of the record. Tex. R. App. P. 30, 26.1(c); Wright Bros.
Energy, Inc. v. Krough, 67 S.W.3d 271, 273 (Tex. App.—Houston [1st Dist.] 2001,
no pet.). The face of the record consists of all the papers on file in the appeal,
including any reporter’s record. Binder v. Joe, 193 S.W.3d 29, 32 (Tex.
App.—Houston [1st Dist.] 2006, no pet.). 
          The record reflects that D’Juana satisfied the first four requirements. We now
determine whether the trial court erred and whether that error is apparent from the
face of the record.
Voluntary Relinquishment
          In her second and third issues, D’Juana contends that the trial court erred by
changing the parties’ conservatorship status and by entering an order containing
visitation provisions that are “so vague and non-specific that they are wholly
unenforceable.” On December 8, 2008, the trial court entered an order, of which we
have taken judicial notice, terminating D’Juana’s parental rights on the grounds that
D’Juana voluntarily relinquished her parental rights and that termination was in the
best interest of J.M.P. Hence, D’Juana no longer has either visitation rights or
conservator status with regard to J.M.P., and there is no longer any case or
controversy with regard to those issues. “If a controversy ceases to exist—‘the issues
presented are no longer “live” or the parties lack a legally cognizable interest in the
outcome’—the case becomes moot.” Williams v. Lara, 52 S.W.3d 171, 184 (Tex.
2001) (citing Murphy v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183 (1982)). We
dismiss D’Juana’s second and third issues as moot. 
Award of Attorney’s FeesIn her fourth issue, D’Juana contends that the trial court erred by awarding
attorney’s fees because Brian did not present any evidence to substantiate such an
award. Because a restricted appeal affords an appellant the same scope of review as
an ordinary appeal, the appellant may challenge the legal and factual sufficiency of
the evidence. Miles v. Peacock, 229 S.W.3d 384, 387 (Tex. App.—Houston [1st
Dist.] 2007, no pet.) (citing Norman Commc’ns v. Tex. Eastman Co., 955 S.W.2d 269,
270 (Tex. 1997)). 
Standard of Review
          We must sustain a legal sufficiency point: (1) when there is a complete absence
of a vital fact; (2) when rules of law or evidence preclude according weight to the
only evidence offered to prove a vital fact; (3) when the evidence offered to prove a
vital fact is no more than a scintilla; or (4) when the evidence conclusively establishes
the opposite of the vital fact. El-Khoury v. Kheir, 241 S.W.3d 82, 86 (Tex.
App.—Houston [1st Dist.] 2007, pet. denied) (citing City of Keller v. Wilson, 168
S.W.3d 802, 810 & nn. 15-16 (Tex. 2005)). “The final test for legal sufficiency must
always be whether the evidence at trial would enable reasonable and fair-minded
people to reach the verdict under review.” City of Keller, 241 S.W.3d at 827.
          Section 106.002 of the Texas Family Code provides that a “court may render
judgment for reasonable attorney's fees and expenses and order the judgment and
postjudgment interest to be paid directly to an attorney” in a suit affecting the
parent-child relationship. Tex. Fam. Code Ann. § 106.002(a) (Vernon 2008). The
trial court has broad discretion in deciding the award of attorney’s fees under Section
106.002. Tull v. Tull, 159 S.W.3d 758, 760 (Tex. App.—Dallas 2005, no pet.) (citing
Bruni v. Bruni, 924 S.W.2d 366, 368 (Tex. 1996)). However, the reasonableness of
attorney’s fees is a question of fact and must be supported by competent evidence.
Tull, 159 S.W.3d at 760 (citing Reyna v. Reyna, 584 S.W.2d 926, 927 (Tex. Civ.
App.—Houston [14th Dist.] 1979, no writ)).
Discussion
          Neither Brian nor his attorney testified as to the amount of attorney’s fees Brian
incurred, let alone as to the reasonableness of that amount, and there is no evidence
of either elsewhere in the record. The $3,500 figure appears only in the trial court’s
judgment, which states only that “good cause exists” for the award of attorney’s fees.
Hence, there is no evidence in the record supporting the trial court’s award. We hold
that the evidence is legally insufficient to support the award of attorney’s fees to
Brian, sustain D’Juana’s fourth issue, and vacate the trial court’s award of attorney’s
fees to Brian.
Characterization of Attorney’s Fees
          In her fifth issue, D’Juana contends that the trial court erred by awarding Brian
attorney’s fees “in the nature of child support.” Because we have vacated the award
of attorney’s fees to Brian, we need not reach this issue. 
Conclusion
          We conclude that D’Juana has met the requirements for review by restricted
appeal of the award of attorney’s fees to Brian, and we vacate the award. We dismiss
D’Juana’s second and third issues as moot. We need not reach D’Juana’s fifth issue.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Hanks.