**Opinion issued March 6, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01059-CV

———————————

**TAMMY GARZA AUZSTON-ROCHESTER, Appellant**

**V.**

**BRIAN KEITH AUZSTON, Appellee**

On Appeal from the 306th District Court
Galveston County, Texas
Trial Court Case No. 01-FD-1427

## MEMORANDUM OPINION

This is an appeal from an order modifying a divorce decree in which the trial court ordered child support payments of $636.00 per month by Brian Keith Auzston to Tammy Garza Auzston-Rochester, effective October 1, 2012, and the

parties' payment of their own attorney's fees and costs. Tammy contends that the trial court erred in (1) failing to order payment of the increased child support retroactive to the date of service of the citation and (2) denying her request for recovery of attorney's fees and court costs. In his brief, Brian asks this Court to award sanctions against Tammy for bringing a frivolous appeal. We deny the motion for sanctions on appeal and affirm the judgment of the trial court.

## Background

Brian and Tammy divorced in 2001, when their son, T.K.A., was four years old. Brian was ordered to pay Tammy $346.00 per month in child support.

In February 2012, Tammy filed a motion to modify the decree seeking an increase of the child support based on a material or substantial change in circumstances as well as an award of attorney's fees. Brian was served with this motion on February 14, 2012. The temporary orders hearing was on June 6, 2012, and the trial court signed an order increasing Brian's child support to $613.00 per month on June 21, 2012.

Following a pretrial conference, the final hearing on the motion to modify was September 20, 2012, and later that day the trial court rendered judgment setting Brian's child support payment at $636.00 per month, effective October 1, 2012, with the parties to pay their own attorney's fees and costs. The court signed the order on October 15, 2012, and Tammy timely filed this appeal.

**Standard of Review**

We review a trial court's decision modifying child support for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles—in other words, whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). In so doing, we view the evidence in the light most favorable to the trial court's order, indulging every legal presumption in its favor. *Bush v. Bush*, 336 S.W.3d 722, 729 (Tex. App.—Houston [1st Dist.] 2010, no pet.). That a trial court may decide a matter within its discretionary authority differently than we would under similar circumstances does not demonstrate an abuse of discretion. *Downer*, 701 S.W.2d at 241–42. Similarly, a trial court does not abuse its discretion when it bases its decision on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). As long as some probative and substantive evidence supports the trial court's decision, there is no abuse of discretion. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

**Discussion**

In her first issue, Tammy contends that the trial court's failure to order the increased child support payments retroactive to the date of service of the citation was error. Her second issue cites as error the trial court's denial of her request for

recovery of attorney's fees and costs. Brian seeks an award of sanctions against Tammy for bringing a frivolous appeal.

## A. Effective Date of Modified Support Order

Section 156.401(b) of the Family Code provides that "[a] support order may be modified with regard to the amount of support ordered only as to obligations accruing after the earlier of: (1) the date of service of citation; or (2) an appearance in the suit to modify." TEX. FAM. CODE ANN. § 156.401(b) (West 2008). While section 156.401 authorizes trial court modification of support orders retroactively, it is a permissive, not mandatory, provision left to the broad discretion of the trial court. *Nordstrom v. Nordstrom*, 965 S.W.2d 575, 582 (Tex. App.—Houston [1st Dist.] 1997, writ denied); *Willis v. Willis*, 826 S.W.2d 700, 702 (Tex. App.—Houston [14th Dist.] 1992, no writ) (interpreting earlier version of statute).

The June 21, 2012 temporary orders increasing the child support from $346.00 to $613.00 per month was based upon Brian's increased income. At the September 20, 2012 hearing, Brian himself testified, based on accumulated overtime pay earned since the temporary hearing, about his capability and willingness to pay as much as $636.00 per month. That same day, the trial court rendered judgment setting Brian's monthly child support at $636.00, effective October 1, 2012.

4

Tammy complains that setting the date for commencement of these increased amounts as October 1, 2012 (ten days following the hearing), rather than the earlier date pegged to service of the citation (February 14, 2012) was error. She contends that the trial court disregarded a binding Texas Rule of Civil Procedure 11 stipulation by the parties' counsel that any child support increase would be retroactive to the date of service. Brian maintains that there was no such stipulation.

In response to the court's inquiry at the September 14, 2012 pretrial conference regarding how long the final hearing would last, the following exchange took place:

Mr. Ferris [Tammy's counsel]: I think it's an afternoon, Thursday afternoon. Hopefully we could get done early.

Ms. Clark [Brian's counsel]: I would hope so. It's only one issue, and that's child support.

Mr. Ferris: Attorney's fees and child support, start date, retroactive date.

Ms. Clark: I don't think there's any issue on that either. There's no issue on retroactive. It's just the amount.

Mr. Ferris: Retroactive to when?

Ms. Clark: Just what the law says.

Mr. Ferris: To date of service?

Ms. Clark: Yes.

Mr. Ferris: That's never been offered.

Ms. Clark: No. It's because we don't have an agreement on what the amount is.

We do not construe the statement, "there's no issue on retroactive," as counsels' binding Rule 11 stipulation as to the date any modified child support was to begin. A stipulation is an agreement, admission, or other concession made in a judicial proceeding by the parties or their counsel. *Hansen v. Academy Corp.*, 961 S.W.2d 329, 335 (Tex. App.—Houston [1st Dist.] 1997, writ denied). The last sentence of the excerpt above evidences that not only had Brian and his counsel not agreed to a start date retroactive to the date of service, but the parties had yet to arrive at the dollar amount to which the monthly support was to be modified. The record at the final hearing on Tammy's motion to modify reflects an on-going disparity between her counsel's target of $677.00 per month and the $636.00 per month his counsel argued as the proper amount based on his increased earnings since the temporary orders. Neither "stipulate" nor "agree" is ever uttered, or any other word evincing the parties' intent that any increased monthly sum should be retroactive to the date of service of the citation. *Fed. Lanes, Inc. v. City of Houston*, 905 S.W.2d 686, 689 (Tex. App.—Houston [1st Dist.] 1995, writ denied) ("A stipulation constitutes a binding contract between the parties and the court.")

Application of section 156.401(b) is within the broad discretion of the trial court. *Nordstrom*, 965 S.W.2d at 582. In its June 21, 2012 temporary order, the

trial court increased Brian's child support from $346.00 to $613.00 per month based on his increased income. The record reflects that the $636.00 per month amount to which Brian agreed at the September 20, 2012 final hearing was calculated on accumulated overtime pay earned since the June 6, 2012 temporary hearing. Viewing the evidence in the light most favorable to the trial court's order, we cannot conclude that the trial court abused its discretion in ordering the increased child support effective October 1, 2012. *See Bush*, 336 S.W.3d at 729. We overrule Tammy's first issue.

## B. Attorney's Fees and Court Costs

In her second issue, Tammy contends that the trial court abused its discretion in denying her request for attorney's fees and court costs. Specifically, she argues that an award of attorney's fees is no longer discretionary after the 2003 amendments to Family Code section 106.002. *See* TEX. FAM. CODE ANN. § 106.002 (West 2008). Alternatively, she argues that if an award of attorney's fees is still discretionary, the trial court's denial of her request for attorney's fees and court costs was against the great weight and preponderance of the evidence.

Family Code section 106.002, which permits the award of attorney's fees and expenses in suits affecting the parent-child relationship, including modification proceedings, provides in relevant part: "In a suit under this title, the court may render judgment for reasonable attorney's fees and expenses and order the

judgment and postjudgment interest to be paid directly to an attorney." TEX. FAM. CODE ANN. § 106.002(a) (West 2008). In 2003, the Legislature amended the statutory language of subsection (a) to replace, among other things, the word "order" with the language "render judgment for." *See* Acts of 2003, 78th Leg., R.S., ch. 478, § 2, 2003 Tex. Gen. Laws, 1744, 1744 (current version at TEX. FAM. CODE ANN.§ 106.002 (West 2008)). However, the case law is clear that an award of attorney's fees in a suit affecting the parent-child relationship remains within the discretion of the trial court. *See Watts v. Oliver*, 396 S.W.3d 124, 132 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *In re B.B.R.*, 188 S.W.3d 341, 344 (Tex. App.—Fort Worth 2006, no pet.); *Tull v. Tull*, 159 S.W.3d 758, 760 (Tex. App.—Dallas 2005, no pet.); *In re A.C.J.*, 146 S.W.3d 323, 327 (Tex. App.— Beaumont, 2004, no pet.); *see also Parr v. Parr*, No. 01-07-00750-CV, 2009 WL 1424729, at *2 (Tex. App.—Houston [1st Dist.] May 21, 2009, no pet.) (mem. op.).

At the hearing, Tammy's attorney, Ronald Ferris, sought an award of attorney's fees in the amount of $11,160.00 for his representation of Tammy through trial. He testified that he has been practicing family law for thirty-four years; he charges an hourly rate of $225.00 an hour in one-tenth of an hour increments; he spent 44.6 hours working on the case prior to trial; he anticipated spending three hours representing Tammy on the day of trial; and the fees he

8

incurred were both reasonable and necessary. Ferris's time and billing records were admitted into evidence. Both Ferris and Brian's attorney, Diane Clark, testified that $225.00 per hour was a reasonable hourly rate.

On cross-examination, Ferris acknowledged that Clark had provided the information he requested regarding Brian's income for purposes of calculating Brian's child support obligation. Ferris also testified that he had originally demanded a higher amount of child support because he had misread the financial information sheet provided by Clark.[1] He also admitted that he billed Tammy for his child support calculations based on his erroneous reading of Brian's financial information sheet.

Clark testified that she has been practicing family law for twenty-eight years, charges an hourly rate of $250.00 an hour, and bills in one-quarter of an hour increments. She testified that she incurred $4,257.76 in attorney's fees representing Brian through trial and that this amount was more than she had ever charged in Galveston County for similar child support modification suits. A case such as this one would typically cost closer to $1,500.00; but for Ferris's frequent correspondence to which she had to respond and his child support miscalculations, she would not have spent as much time on this case as she did. She was

---

[1]    On the financial information sheet, Brian wrote $2,609.60 next to "Monthly Net Pay." This figure also appears below the line that reads "Paid every 2 weeks." Ferris misunderstood the information to reflect that Brian received $2,609.60 every two weeks rather than $2,609.60 net per month.

sufficiently embarrassed by the expenses incurred in this case, and certain expenses incurred since the pretrial conference, including preparation for and attendance at the final hearing, were omitted.

Brian testified at trial that he had been both willing and able to pay additional child support since the suit was filed and he did not think he should have to pay Ferris's attorney's fees. He never disputed an increased amount within the child support guidelines and was forthcoming and cooperative in producing all financial records requested of him. The court, then, had before it evidence that the expenses incurred by Ferris were unnecessary and that the case could have been easily resolved without resort to litigation.

The reasonableness of attorney's fees is a question of fact requiring the support of competent evidence. *Tull*, 159 S.W.3d at 760 (citing *Reyna v. Reyna*, 584 S.W.2d 926, 927 (Tex. Civ. App.—Houston [14th Dist.] 1979, no writ)). A trial court does not abuse its discretion when it bases its decision on conflicting evidence. *Davis*, 571 S.W.2d at 862. Viewing the evidence in the light most favorable to the trial court's ruling, we find that there is some probative and substantive evidence to support the trial court's denial of Tammy's request for attorney's fees and costs. *See Butnaru*, 84 S.W.3d at 211. Tammy's second issue is overruled.

10

## C. Sanctions on Appeal

Brian urges this Court to impose sanctions on Tammy pursuant to Rule 45 of the Texas Rules of Appellate Procedure for filing a frivolous appeal. *See* TEX. R. APP. P. 45.

After considering the record, briefs, or other papers filed in this Court, we may award a prevailing party damages if we objectively determine that an appeal is frivolous. TEX. R. APP. P. 45; *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed. *Smith*, 51 S.W.3d at 381. The decision to grant appellate sanctions is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation. *Id.* Although imposing sanctions is within our discretion, we will do so only in circumstances that are truly egregious. *See id.* After considering the record and briefs, we do not believe the circumstances in this case warrant sanctions. Accordingly, we deny Brian's request for Rule 45 sanctions.

## Conclusion

We deny the motion for sanctions on appeal and affirm the judgment of the trial court.

Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.