**HAROLD–ELLIOTT COMPANY, INC., Appellant,**

v.

**K.P./MILLER REALTY GROWTH FUND I, Appellee.**

No. 01–92–00998–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 22, 1993.

Rehearing Overruled May 13, 1993.

Thomas C. Wright, James L. Hordern, Jr., Brown Campbell Harrison & Wright, L.L.P., Houston, for appellant.

John Tab Bingamon, Jeffrey A. Lehmann, Lehmann & Associates, Houston, for appellee.

Before SAM BASS, DUNN and WILSON, JJ.

**OPINION**

SAM BASS, Justice.

Harold–Elliott Company, Inc. (Harold–Elliott) appeals from a no-notice default judgment in favor of K.P./Miller Realty Growth Fund I (K.P./Miller).

We reverse and remand to the trial court.

K.P./Miller sued Harold–Elliott for breach of a lease and sought damages of $23,868, plus interest and attorney's fees. The petition and citation indicated the corporation's registered agent was Harold Nedell (also the president of the corporation), located at 2200 Post Oak Blvd., Suite 515, Houston, Texas 77056. The unserved, returned citation indicates the corporation had moved two years earlier, and contains a new address at 9331 Katy Freeway, Houston. K.P./Miller filed a notice of certification from the secretary of state showing the registered agent was Harold Nedell, 2200 Post Oak Blvd., Suite 515, Houston, Texas 77056.

K.P./Miller amended its petition to serve the secretary of state. The secretary of state forwarded the citation to the registered agent, Harold Nedell, by certified mail, return receipt requested. It was returned by the post office with the notation, "not deliverable as addressed, unable to forward." Harold–Elliott did not answer and a default judgment was entered. Harold–Elliott did not receive notice of the default judgment until June 3, 1992, when the registered agent was served, at the Katy Freeway address, with a subpoena for a post-judgment deposition. Harold–Elliott moved for, and the court granted, a reset date of judgment for purposes of TEX.R.CIV.P. 306a(1). On June 30, 1992, Harold–Elliott moved for a new trial alleging the default was obtained by trickery and its failure to answer was not intentional or due to conscious indifference. The court denied the motion.

The appellant attacks the default judgment, arguing the record affirmatively reflects the appellee's failure to comply with the requirements of the statute, and the trial court abused its discretion in denying the appellant's motion for a new trial.

The appellant's first two points of error argue the appellee failed to comply with the requirements of the statute because: 1) the secretary of state mailed the citation certified mail return receipt requested, not registered, and 2) reasonable diligence was not shown in the attempted service of Harold–Elliott.

■ Service of process on corporations is governed by article 2.11 of the Texas Business Corporation Act. TEX.BUS.CORP.ACT ANN. art. 2.11 (Vernon 1980). It provides that service of any process, notice, or demand required or permitted by law may be made upon the president and all vice-presidents of the corporation, and the registered agent. *Id.* It does not limit service to these persons only at the registered office; they may be served wherever they can be located. The statute also provides a mechanism for service of process when a corporation fails to maintain a registered agent or the registered agent cannot be found at the registered office. TEX.BUS.CORP.ACT ANN. art. 2.11(B). In those situations, article 2.11(B) of the Texas Business Corporation Act requires the secretary of state to forward the citation to the defendant "by registered mail, addressed to the corporation at its registered office." *Id.* In this case, the Secretary of state sent the citation certified mail, return receipt requested. to the registered office on record.

The supreme court has recently addressed this issue in the context of service of nonprofit corporations under the Non–Profit Corporation Act (TEX.REV.CIV.STAT.ANN. art. 1396–2.07(B) (Vernon 1980)).[1] *Royal Surplus Lines Ins. Co. v. Samaria Baptist Church,* 840 S.W.2d 382 (Tex.1992). The supreme court noted that TEX.REV.CIV.STAT.ANN. art. 29c (Vernon 1969) expressly provides that "all public officials are hereby authorized and empowered to use certified mail with return receipt requested, in lieu of registered mail in all instances where registered mail

has heretofore been required or may hereafter be authorized by law." *Id.* at 382. Thus, the supreme court held that the use of certified mail to effect service of process when a statute provides only for registered mail does not violate the strict compliance standard for service of process. *Id.* at 383. In a footnote the court enumerated the statutes requiring service by registered mail to which their decision applied, and included in the list was TEX.BUS.CORP.ACT ANN. art. 2.11(B), the statute under which the appellee attempted to serve the appellant. *Id.* at n. 1.

We overrule appellant's first point of error.

■ In the second point of error, the appellant argues the petition does not assert the appellee actually attempted service on the registered agent with reasonable diligence.

The statute permits service upon the secretary of state "whenever its [corporation] registered agent cannot with reasonable diligence be found at the registered office." TEX.BUS.CORP.ACT ANN. art. 2.11(B). The appellee argues that by asserting in its petition "[t]he defendant has failed to maintain a registered agent who cannot, within [sic] reasonable diligence, be found at the registered office of the corporation," the appellee has affirmatively demonstrated noncompliance with the statute. The appellant argues the petition does not establish that the appellant was required to answer substituted service through the secretary of state, nor does it assert that the appellee used reasonable diligence to serve the registered agent at the registered office.

The appellant's argument suggests the statute requires a plaintiff to seek out the *correct* registered office and diligently attempt service; the appellant cites no case interpreting the statute in this manner. The record reflects the appellee contacted

---

1. The Act provides that when a corporation fails to maintain a registered agent or such agent cannot with reasonable diligence be found at the registered office, service may be made on the secretary of state. "In the event any such process, notice, or demand is served on the

Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by *registered mail,* addressed to the corporation at its registered office." TEX.REV.CIV.STAT.ANN. art. 1396–2.07(B) (Vernon 1980) (emphasis added).

the secretary of state to ascertain the registered office of the registered agent and attempted to serve the registered agent at the address provided by the secretary of state. *See Tankard–Smith, Inc. Gen. Contractors,* 663 S.W.2d 473, 475–76 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *TXXN, Inc. v. D/FW Steel Co.,* 632 S.W.2d 706, 708 (Tex.App.—Fort Worth 1982, no writ). This was in compliance with a literal interpretation of the statute. *Capitol Brick, Inc. v. Fleming Mfg. Co.,* 722 S.W.2d 399, 401 (Tex.1986). However, process was not completed because the registered agent had moved two years before and neglected to update the address with the secretary of state.

Notwithstanding the appellee's compliance with the literal interpretation of the statute, the record in this cause shows that the appellee *knew* the correct address of the registered agent of the appellant, who was also the president of the corporation, before service was attempted. The appellee knew this because the correct, current address of the registered agent was written on the unserved citation, and because the appellee had corresponded with Nedell, the registered agent, several times during the previous two years. Additionally, the appellee knew the proper address because it was able to serve the registered agent with a deposition subpoena shortly after securing the no-answer default judgment.

While we agree that the appellee complied with the literal interpretation of the statute, we cannot conceive that the legislature intended this result. The consequence of the appellee's actions is that a party to a lawsuit has the complete and absolute right to ignore information it has concerning the proper address of the office of the registered agent and then deny that party its day in court by obtaining a no-notice default judgment. If the legislature intended such a result, without redress, then the statute needs to be amended to prevent such abuses by litigants.

We reluctantly overrule the appellant's point of error two.

In its third point of error, the appellant argues the trial court erred when it denied the motion for a new trial. The standard for granting a motion for a new trial to set aside a default judgment was established in *Craddock v. Sunshine Bus Lines, Inc.,* wherein the court held:

A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to mistake or accident; provided the motion sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

134 Tex. 388, 133 S.W.2d 124, 126 (1939).

■■■ A motion for a new trial is addressed to the trial court's discretion, which will not be disturbed on appeal absent a showing of abuse of that discretion. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). However, the trial court's discretion is not unbridled. *Craddock,* 133 S.W.2d at 126. The trial court must test the motion for new trial and the accompanying affidavits against the *Craddock* requirements, and grant a new trial if those requirements are met. *Strackbein,* 671 S.W.2d at 39.

The first prong of the *Craddock* test requires us to determine whether appellant's failure to answer was due to mistake or accident, or was the result of conscious indifference. There is no established criteria for applying this test, but "it is clear that courts have applied this prong liberally, and that each case depends on its own facts." *J.H. Walker Trucking Co. v. Allen Lund Co.,* 832 S.W.2d 454, 455 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Gotcher v. Barnett,* 757 S.W.2d 398, 401 (Tex.App.—Houston [14th Dist.] 1988, no writ).

■■■ When the allegations in a movant's affidavit are not controverted, a conscious indifference question must be determined in the same manner as a claim of meritorious defense. *Liberty Mut. Fire Ins. Co. v. Ybarra,* 751 S.W.2d 615, 617 (Tex.App.—El Paso 1988, no writ). It is sufficient that the movant's motion and affidavits set forth facts which, if true,

would negate consciously indifferent conduct. *Id.* Conscious indifference means failing to take some action that would seem indicated to a person of reasonable sensibilities under the same circumstances. *Johnson v. Edmonds,* 712 S.W.2d 651, 652–53 (Tex.App.—Fort Worth 1986, no writ). The appellee cites the appellant's failure to update his address with the secretary of state for over two years, as required by the Texas Business Corporations Act, as proof of the appellant's conscious indifference.

 In this case, the registered agent, Harold Nedell, was also the president of Harold–Elliott. In his affidavit, attached to the motion for a new trial, Nedell testifies he corresponded with K.P./Miller five times during 1991 from his correct address and also received a letter from K.P./Miller in December 1991 at the correct address. Nedell's affidavit suggests that Nedell mistakenly felt that, based on his relationship with K.P./Miller and all of their past dealings, it would not be a problem for K.P./Miller to contact him for any purpose. There is no evidence before us to suggest the appellant failed to take some action that would seem indicated to a person of reasonable sensibilities under the same circumstances. We find that this mistake by Nedell does not rise to the level of conscious indifference even notwithstanding his failure to provide the secretary of state with his change of address.

■ Further, under the liberal application of the *Craddock* test, an absence of a purposeful or bad faith failure to answer is the controlling fact and even a slight excuse will suffice, especially when delay or prejudice will not result. *Gotcher,* 757 S.W.2d at 401 (citing *Craddock,* 133 S.W.2d at 125). Here, the failure to answer was due to no notice. The record reflects that as soon as the appellant became aware of the lawsuit, albeit by notice of a post-judgment deposition, it began attempts to set aside the judgment. There is no evidence of a purposeful or bad faith failure to answer the allegations of the appellee.

The appellant has met the first prong of the *Craddock* test.

■ The second prong of the *Craddock* test requires an examination of a meritorious defense propounded by the appellant in its motion for a new trial. We are persuaded that the appellant presented a meritorious defense; thereby satisfying the second prong of *Craddock.* However, we are also persuaded that the actions of the appellee prevented the appellants from receiving actual notice and so, under the Supreme Court's holding in *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 88, 108 S.Ct. 896, 900, 99 L.Ed.2d 75 (1988), the appellant does not need to establish a meritorious defense. *See also Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988).

■ The third prong of the *Craddock* test requires the appellant to show that by granting a new trial, no hardship will be imposed upon the appellee. *Craddock,* 133 S.W.2d at 126; *Strackbein,* 671 S.W.2d at 39. The appellant contends it is ready to go to trial and will reimburse the appellee for any costs the court determines were occasioned by its conduct in failing to answer. This is sufficient to meet the third prong of the *Craddock* test. *Id.*

The third prong of the *Craddock* test has been met.

We sustain appellant's third point of error.

We reverse and remand to the trial court.

WILSON, J., concurs in judgment with no opinion.