OPINION

 

No. 04-09-00729-CV

 

Orgoo, Inc.,

Appellant

 

v.

 

Rackspace US, Inc.,

Appellee

 

From the 37th
Judicial District Court, Bexar County, Texas

Trial Court No. 2009-CI-06776

Honorable Peter A.
Sakai, Judge Presiding[1]

 

No. 04-10-00058-CV

 

IN RE ORGOO, INC.

Original Mandamus
Proceeding[2]

 

Opinion by:   Sandee Bryan Marion, Justice

 

Sitting:                     Catherine Stone, Chief Justice

                     Sandee
Bryan Marion, Justice

                     Steven
C. Hilbig, Justice

 

Delivered and
Filed:  January 5, 2011

 

REVERSED AND
REMANDED; PETITION FOR WRIT OF MANDAMUS DENIED

 

This is an appeal from a
no-answer default judgment rendered in favor of appellee, Rackspace US, Inc. 
Because we conclude appellant was not properly served with notice, we reverse
the default judgment and remand to the trial court, and we deny the petition
for writ of mandamus.

FACTUAL BACKGROUND

Rackspace US, Inc., which
is an internet hosting company located in San Antonio, is a subsidiary of
Rackspace Hosting, Inc.  Through its subsidiaries, Rackspace Hosting operates
computer servers that maintain networks and websites for a variety of
businesses.  Under a contract dated February 25, 2008, Rackspace US provided
web-hosting services to appellant Orgoo, Inc., an internet start-up company
located in California.  According to Rackspace US, beginning in August 2008,
Orgoo failed to pay for services rendered by Rackspace US.  In September and
October 2008, Rackspace US discovered that the Orgoo website was allegedly
being used to transmit and display images in which children were sexually
abused and raped and that Orgoo’s live video streaming feature was allegedly
showing child pornography and child molestation.  Rackspace US notified the
FBI.  The FBI ordered Rackspace US to preserve all electronic evidence of the
images displayed on Orgoo’s website.  Rackspace US decided to suspend services
to Orgoo and to disable the servers that hosted Orgoo’s website.

Orgoo’s CEO, Michael Kantor,
demanded that Rackspace US resume hosting Orgoo’s website, and Rackspace US
refused.  On March 3, 2009, Orgoo sued Rackspace Hosting in California state
court (the “California suit”).  According to Rackspace US, this lawsuit
violated the parties’ forum selection agreement, which required Orgoo to file
its lawsuit in Bexar County, Texas.  On June 23, 2009, the California court
enforced the forum selection agreement and dismissed the suit.  Meanwhile, in
April 2009, Rackspace US filed the underlying lawsuit against Orgoo in Bexar
County.  In October 2009, Orgoo sued Rackspace Hosting in Bexar County,
asserting the same claims it asserted in the California suit.  Orgoo’s lawsuit
against Rackspace Hosting has been abated.

PROCEDURAL BACKGROUND

On August 6, 2009 in the underlying lawsuit, the trial court rendered a default judgment against Orgoo
and in favor of Rackspace US following Orgoo’s failure to appear.  Less than
ninety days later, Orgoo filed a Texas Rule of Civil Procedure 306a motion to
extend post-judgment deadlines (hereinafter “Rule 306a motion”), alleging it
did not receive notice of the signing of the default judgment until October 19,
2009.  On November 3, 2009, a hearing was conducted on Orgoo’s Rule 306a motion
and, at the conclusion of the hearing, the trial court denied the motion.  A
week later, Orgoo filed a motion pursuant to Texas Rule of Appellate Procedure
4.2(c) (hereinafter “Rule 4.2(c) motion”) asking the court to find the date on
which Orgoo received notice or acquired actual notice of the judgment.  On
November 20, 2009, a hearing was conducted on Orgoo’s Rule 4.2(c) motion and,
at the conclusion of the hearing, the trial court denied the motion.  Because
the trial court denied both motions, it did not sign a written order finding
the date when Orgoo or Orgoo’s attorney first either received notice or
acquired actual knowledge that the judgment was signed.  On January 21, 2010,
Orgoo filed a petition for writ of mandamus complaining of the trial court’s
denial of its Rule 306a and Rule 4.2(c) motions to establish the operative date
of the judgment.[3]

           Orgoo filed a notice of restricted
appeal from the default judgment on November 13, 2009.  Four days later, Orgoo
filed a motion for new trial with the trial court.  The court denied the motion
without a hearing on December 16, 2009.  On January 19, 2010, Orgoo filed an
amended notice of appeal, stating it did not intend to amend or modify its
restricted notice of appeal, but instead it intended to perfect for appeal the
arguments it made in its motion for new trial under Craddock v. Sunshine Bus
Lines, Inc., 133 S.W.2d 124 (Tex. 1939).

OPERATIVE
DATE OF THE JUDGMENT

           In both its petition for writ of
mandamus and on appeal, Orgoo asserts the trial court abused its discretion by
denying its Rule 306a motion and its Rule 4.2(c) motion and by refusing to make
a finding on the operative date of the default judgment.  If the operative date
is August 6, 2009, the date the default judgment was signed, then this is a
restricted appeal, and we may only consider whether there is error apparent on
the face of the record.  Norman Commc’n v. Tex. Eastman Co., 955 S.W.2d
269, 270 (Tex. 1997) (per curiam).  If the operative date is October 19, 2009,
the date Orgoo alleges it first received notice of the default judgment, then
this is a traditional Craddock appeal and, if Orgoo was properly served
with process, in order to be granted a new trial after a no-answer default
judgment, Orgoo must prove the now familiar Craddock elements.  However,
we do not reach the issues of whether the trial court erred by not making a
finding on the operative date of the judgment[4]
or whether the operative date can be implied from the trial court’s denial of
the two motions because under either the restricted appeal standard or the Craddock
standard, we conclude the trial court did not acquire jurisdiction over Orgoo
because service was defective.  

           A default judgment rendered on
defective service “will not stand” and rules governing service will be “rigidly
enforced” on appellate review of the judgment.  Hubicki v. Festina, 226
S.W.3d 405, 408 (Tex. 2007).  Here, the trial court rendered a default judgment
in favor of Rackspace US based upon Rackspace US’s amended petition. 
However, the Texas Secretary of State certified that a copy of Rackspace US’s original
petition was forwarded to Orgoo, but “process was returned . . . bearing the
notation Attempted – Not Known.”  Our determination of whether, under these
facts, the trial court acquired jurisdiction over Orgoo involves an analysis
under both the restricted appeal standard and the Craddock standard.

RESTRICTED
APPEAL

A party may bring a
restricted appeal if the party: (1) filed notice of the restricted appeal
within six months after the judgment was signed; (2) was a party to the
underlying lawsuit; (3) did not participate in the hearing that resulted in the
judgment complained of and did not timely file any postjudgment motions or
requests for findings of fact and conclusions of law; and (4) error is apparent
on the face of the record. Tex. R. App.
P. 26.1(c), 30; Alexander v. Lynda’s Boutique, 134 S.W.3d 845,
848 (Tex. 2004).  The face of the record consists of all papers on file in the
appeal.  Norman Commc’n, 955 S.W.2d at 270.  The first three
requirements for filing a restricted appeal are not disputed in this appeal.  Whether
error is apparent on the face of the record, however, depends on our resolution
of the issue of proper service.  On appeal, Orgoo advances five examples of error
on the face of the record, but we address only the one that is dispositive.

           Orgoo argues the default judgment must
be set aside because the default judgment was rendered on Rackspace US’s amended
petition even though Rackspace US served the Texas Secretary of State with the original
petition.[5] 
Rackspace US contends it served the Secretary with its amended petition, and
not the original petition.  Rackspace US argues that under the Texas Rules of
Civil Procedure, the petition, citation, and return of service establish valid
service of process, and those three documents in this case show Rackspace US
strictly complied with the rules for service of process.  Texas Rule of Civil
Procedure 107 prohibits a default judgment until citation and proof of service
have been on file.  Tex. R. Civ. P.
107.  As proof of service, Rackspace US points to the Verified Return of
Service, completed by its attorney, Mr. Barrera, in which Mr. Barrera states he
forwarded duplicate copies of the amended petition and accompanying citation to
the Secretary of State.[6] 
However, Mr. Barrera’s statements are contradicted by the certificate issued by
the Texas Secretary of State.

           The Secretary certified (1) “a copy of
the Citation and Plaintiff’s Original Petition and Request for Declaratory
Judgment . . . was received on June 22, 2009”; (2) “a copy was forwarded on
July 2, 2009 by certified mail, return receipt requested to” Orgoo; and (3) “process
was returned . . . on July 14, 2009, bearing the notation Attempted-Not Known.” 
The Secretary’s certificate is prima facie evidence of the facts recited
therein.  G.F.S. Ventures, Inc. v. Harris, 934 S.W.2d 813, 818 (Tex.
App.—Houston [1st Dist.] 1996, no writ).  Absent fraud or mistake, a
certificate like the one here from the Secretary of State is conclusive
evidence that the Secretary, as agent of the defendant, received service of
process for the defendant and forwarded the service as required by the statute. 
Capitol Brick, Inc. v. Fleming Mfg. Co., 722 S.W.2d 399, 401 (Tex.
1986).  “As the purpose of Rule 107 is to establish whether there has been
proper citation and service, the Secretary’s certificate fulfills that
purpose.”  Campus Inv., Inc. v. Cullever, 144 S.W.3d 464, 466 (Tex.
2004).  The Secretary’s certificate, therefore, is prima facie evidence that it
received and forwarded service of Rackspace US’s original, and not amended,
petition.

           Rackspace US contends Orgoo was not
misled or disadvantaged by any misstatement in the Secretary’s certificate
because process was returned as “Attempted-Not Known.”  Rackspace US places
much emphasis on its argument that Orgoo did not receive anything mailed by the
Texas Secretary of State because Orgoo “failed to keep a current address on
file with the California Secretary of State.”  For this argument, Rackspace US
relies on Campus Investments, in which the plaintiffs, after several
unsuccessful attempts to serve the defendant’s registered agent, requested
service on the Secretary of State. The Secretary subsequently issued a
certificate stating it had received and forwarded a copy of the citation and second
amended original petition to defendant by certified mail, which was returned
marked “Attempted-Not Known.”  The Supreme Court held as follows:

We recognize that service of a defective
citation through substituted service on the Secretary of State could mislead a
defendant and lead to an improper default judgment. In such cases, a defendant
may bring a bill of review and establish those facts.  But [defendant] was not
misled here because - as it had failed to update addresses for its registered
agent and registered office - it never received anything the Secretary sent. 
Accordingly, [defendant] was negligent in failing to comply with its statutory
duties.

 

144 S.W.3d at 466. 

           Rackspace US’s reliance on this case is
misplaced for two reasons.  First, the issue in Campus Investments was
not whether the default judgment should be set aside because the wrong petition
was served on Campus Investments.  Instead, the issue was whether the default
judgment should be set aside because a copy of the citation was not on file ten
days before the underlying default judgment was rendered as required by Rule
107.  Id. at 465.  Campus Investments had argued that without the
citation it was impossible to be informed of the many details necessary to
respond to the lawsuit. See Tex.
R. Civ. P. 99 (requiring citation to contain twelve discrete items,
including time when answer is due and warning regarding default). The Supreme
Court disagreed, and concluded that even if the citation was defective,
Campus Investments was not misled because it had not received the citation. 

           Rackspace’s reliance on Campus
Investments is also misplaced because its argument mistakenly assumes there
is an equitable component to a restricted appeal; but a restricted appeal is
not an equitable proceeding.  Texaco, Inc. v. Cen. Power & Light Co.,
925 S.W.2d 586, 590 (Tex. 1996).  “[A restricted appeal] appellant is not
required to show diligence or lack of negligence before its complaints will be
heard . . . [because] it is the fact of nonparticipation, not the reason
for it, that determines the right to [a restricted appeal].”  Id.  None
of the cases on which Rackspace US relies are restricted appeals.  Campus
Investments is an appeal from a bill of review; while the Williams
and Ortiz cases are direct appeals.  Williams v. Williams, 150
S.W.3d 436, 443-44 (Tex. App.—Austin 2004, pet. denied); Ortiz v. Avante
Villa at Corpus Christi, Inc., 926 S.W.2d 608, 613 (Tex. App.—Corpus
Christi 1996, writ denied).  A restricted appeal is filed directly in an
appellate court, and as in any other appeal, the appellate court does not take
testimony or receive evidence.  See Fidelity & Guar. Ins. v. Drewery
Constr. Co., 186 S.W.3d 571, 573 (Tex. 2006).  Instead, the review is
limited to errors apparent on the face of the record.  Id.  

           In restricted appeals, circumstances
require that there be no presumptions in favor of valid issuance, service, and
return of citation because presumptions can neither be confirmed nor rebutted
by evidence in an appellate court.  Id. (quoting Primate Constr.,
Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994)). “Thus, for example, if
the citation says an amended petition was attached (which named the defaulted
party) and the return says the original petition was served (which did not), an
appellate court cannot tell from the record which is true.”  Id. 
“Similarly, if the petition says the registered agent for service is ‘Henry
Bunting, Jr.’ but the citation and return reflect service on ‘Henry Bunting,’
an appellate court cannot tell whether those persons are different or the
same.”  Id.  If strict compliance is not shown, the service of process
is invalid and of no effect.  Uvalde Country Club, 690 S.W.2d at 885. 
“It is the responsibility of the one requesting service, not the process
server, to see that service is properly accomplished.”  Primate Constr.,
884 S.W.2d at 153; Tex. R. Civ. P.
99(a).  “This responsibility extends to seeing that service is properly
reflected in the record.”  Primate Constr., 884 S.W.2d at 153; see
also Carjan Corp. v. Sonner, 756 S.W.2d 553, 555 (Tex. App.—San Antonio
1989, no writ) (holding burden of showing compliance with long-arm statute is
on plaintiff).

           We conclude that error is shown on the
face of the record because although we know the default judgment was rendered
based on the amended petition, the record indicates the Secretary of State
mailed the original petition to Orgoo.[7] 
Because the record does not show strict compliance with the rules regarding
issuance, service, and return of citation, the trial court had no jurisdiction
over Orgoo at the time the default judgment was rendered.

TRADITIONAL APPEAL

           In a traditional Craddock
appeal, a defendant who was properly served with process may be granted a new
trial after a no-answer default judgment if the defendant proves the following
three elements: (1) its failure to answer or appear was not intentional or the
result of conscious indifference; (2) it has a meritorious defense; and (3) the
granting of a new trial will not operate to cause delay or other injury to the
plaintiff.  Craddock, 133 S.W.2d at 126.  If a defendant was not
properly served with process, it is generally entitled to a new trial without
any further showing.  Drewery Constr., 186 S.W.3d at 574.  Orgoo’s
motion for new trial was based upon several grounds; however, we address only
service of process because it is dispositive.[8] 


           The long-arm statute requires the
Secretary of State to mail a copy of the process to the nonresident by
registered mail or by certified mail, return receipt requested. Tex. Civ. Prac. & Rem. Code Ann. §
17.045(a), (d) (West 2008).  For the trial court to have personal jurisdiction
over the defendant, the record must affirmatively show that the Secretary
forwarded a copy of the citation and attached petition to the defendant.  See
Whitney v. L & L Realty Corp., 500 S.W.2d 94, 96-97 (Tex. 1973)
(holding “Secretary of State is deemed the defendant’s agent if, or provided,
he forwards the service as required by the statute”).  This requirement is
typically met by filing with the trial court the Secretary’s certificate. See
id. at 96.

           Here, the Secretary’s certificate recites
process was returned on July 14, 2009 “bearing the notation Attempted – Not
Known.”  This recitation is prima facie evidence that the address Rackspace US
provided to the Secretary of State was incorrect.  GMR Gymnastics Sales,
Inc. v. Walz, 117 S.W.3d 57, 59 (Tex. App.—Fort Worth 2003, pet. denied).  “At
a minimum the certificate of service must affirmatively show notice given.” 
Barnes v. Frost Nat’l Bank, 840 S.W.2d 747, 750 (Tex. App.—San Antonio
1992, no writ).  “An unclaimed letter from the Secretary of State’s office can
hardly further the aim and objective of the long-arm statute, which is to
provide reasonable notice of the suit and an opportunity to be heard.”  Id.[9]   

           Rackspace US, however, insists that if
Orgoo did not receive notice it was due to Orgoo’s own conscious indifference.[10] 
Conscious indifference must amount to more than mere negligence or mistake.  See
Titan Indem. Co. v. Old South Ins. Group, Inc., 221 S.W.3d 703, 708 (Tex.
App.—San Antonio 2006, no pet.).  The conscious indifference standard requires
a showing that the defendant knew it was sued but did not care. Drewery
Constr., 186 S.W.3d at 575-76. There are no established criteria for
applying this standard, but the courts have applied this prong liberally and
each case depends on its own facts.  Titan Indem., 221 S.W.3d at 708; Harold-Elliott
Co. v. K.P./Miller Realty Growth Fund I, 853 S.W.2d 752, 755 (Tex. App.—Houston
[1st Dist.] 1993, no writ).  If the factual assertions in the defendant’s
affidavits are not controverted, the defendant satisfies its burden if the
affidavits set forth facts that, if true, would negate consciously indifferent
conduct. Old Republic Ins. Co. v. Scott, 873 S.W.2d 381, 382 (Tex.
1994).  Conscious indifference means failing to take some action that would
seem indicated to a person of reasonable sensibilities under the same
circumstances.  Titan Indem., 221 S.W.3d at 708; Harold-Elliott Co.,
853 S.W.2d at 756.  Under the liberal application of the Craddock test,
an absence of a purposeful or bad faith failure to answer is the controlling
fact and even a slight excuse will suffice, especially when delay or prejudice
will not result.  Harold-Elliott Co., 853 S.W.2d at 756.  “An excuse
need not be a good one to suffice.”  Drewery Constr., 186 S.W.3d at 576.

           Rackspace US asserts Orgoo evaded
service and intentionally failed to appear because at all times prior to and
subsequent to this lawsuit the Santa Monica, California address was the only
address Orgoo maintained with the California Secretary of State.  The evidence
in the record does not support this contention.  The California Secretary of
State’s website showed Orgoo’s agent for process to be Michael Kantor at a
Santa Monica, California address, which is the address Rackspace US provided to
the Texas Secretary of State.  However, Orgoo presented evidence that it had
changed its business address and the address for its registered agent in May
2009, before the amended petition was filed on June 16, 2009 and before the Texas
Secretary of State mailed citation and the petition on June 22, 2009.  Orgoo
attached to its motion for new trial a Statement of Information filed with the
California Secretary of State, filed-stamped May 21, 2009, in which Orgoo
states its principal executive office and the location of its registered agent
is 430 Linnie Canal, Venice, California.  Nothing in the record indicates the
California Secretary of State’s failure to update its website is attributable
to Orgoo.  Also, the record reflects that less than ninety days after becoming
aware of the default judgment, Orgoo began attempts to set it aside. 
Accordingly, there is no evidence Orgoo’s failure to appear was intentional or
due to conscious indifference.  See Harold-Elliot Co., 853 S.W.2d at 756
(holding same even though defendant failed to notify Texas Secretary of State
of its change of address).  Because the Texas Secretary of State sent the
citation and a copy of the petition to Orgoo using an incorrect address for Orgoo,
the default judgment rendered against Orgoo cannot stand.  

CONCLUSION

           This record does not demonstrate that
the trial court had jurisdiction over Orgoo because the record does not
affirmatively indicate service was valid. Therefore, we reverse the trial
court’s default judgment and remand the cause to the trial court for further
proceedings consistent with this opinion.

 

Sandee Bryan Marion, Justice

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 









[1]
This proceeding arises out of Cause No. 2009-CI-06776, styled Rackspace US,
Inc. v. Orgoo, Inc., pending in the 37th Judicial District Court, Bexar
County, Texas, the Honorable David A. Berchelmann presiding.  However, the
challenged default judgment was signed by the Honorable Peter Sakai, presiding
judge of the 225th Judicial District Court, Bexar County, Texas.

 





[2]
This proceeding arises out of the same trial court proceedings the appeal from
the default judgment.  However, the Honorable David A. Berchelmann signed the
two orders at issue in this mandamus proceeding.





[3]
The mandamus proceeding (04-10-00058-CV) is consolidated with this appeal.





[4]
We agree, however, with the Texas Supreme Court that “a trial court could
dispel ambiguities about the notice date if, in ruling on 306a motions, it
followed the procedure mandated by Texas Rule of Appellate Procedure 4.2(c) and
issued a finding of the notice date as a matter of course.  In re Lynd,
195 S.W.3d 683, 686 (Tex. 2006).  Rule 4.2(c) provides that “[a]fter hearing
the [Rule 306a] motion, the trial court must sign a written order that
finds the date when the part or the party’s attorney first either received
notice or acquired actual knowledge that the judgment or order was signed.”   Tex. R. App. P. 4.2(c) (emphasis added).





[5] 
Rackspace US filed its Original Petition and Request for Declaratory Judgment
on April 23, 2009.  In his affidavit, Levi Heath states he represented “Rackspace”
in the California lawsuit, although he does not specify whether he represented
Rackspace Hosting, Rackspace US, or both.  He states that when he spoke to
Orgoo’s California counsel about the California suit, he informed counsel that
“Rackspace” had filed a lawsuit against Orgoo in Texas.  Orgoo’s attorney asked
for a courtesy copy of the petition, and Heath asked Orgoo’s counsel if he
would accept service on Orgoo’s behalf.  Orgoo’s counsel said he was not
authorized to accept service.  The courtesy copy electronically emailed to
Orgoo’s attorney was the Original Petition and Request for Declaratory
Judgment.  





[6]
The citation was issued by the district clerk and referenced the amended
petition.

 





[7] 
We also note that, if the Secretary’s certificate is correct and it was the
original petition that was served, such service would not have conferred
jurisdiction on the trial court.  In a default judgment case in which
jurisdiction is based on substituted service, jurisdiction must affirmatively
appear from the face of the record. McKanna v. Edgar, 388 S.W.2d 927,
930 (Tex. 1965).  This showing requires that the pleadings allege facts which,
if true, make the defendant “amenable to process” by use of the longarm
statute, and that the record contains proof that the defendant was, in fact,
served in the manner the statute requires.  MobileVision Imaging Servs.,
L.L.C. v. LifeCare Hosps. of N. Tex., L.P., 260 S.W.3d 561, 564 (Tex.
App.—Dallas, 2008, no pet.).  Rackspace US attempted service on Orgoo via the Secretary
of State pursuant to Texas Civil Practice and Remedies Code section 17.044(a)(1),
which provides for service if Orgoo “is required by statute to designate or
maintain a resident agent or engages in business in this state, but has not
designated or maintained a resident agent for service of process.” Tex. Civ. Prac. & Rem. Code Ann.
§ 17.044(b) (West 2008). However, Rackspace US did not allege in its original
petition that Orgoo has not designated or maintained a resident agent for
service of process in Texas. Therefore, Rackspace US’s original petition was
insufficient to support the default judgment based on section 17.044(a) because
the original petition did not allege facts which, if true, made Orgoo “amenable
to process.”

 





[8]  
On appeal, Rackspace US contends the “invited error” doctrine precludes Orgoo
from challenging the trial court’s denial of its motion for new trial under the
Craddock standard.  According to Rackspace US, Orgoo filed a motion for
new trial and then “invited” the court to sign an order denying the motion.  We
recognize that “every trial counsel is burdened by the dual objectives of
presenting the case and yet preserving error for appeal.”  See Union City
Body Co. v. Ramirez, 911 S.W.2d 196, 202 (Tex. App.—San Antonio 1995, no
writ).  Orgoo filed its motion for new trial to preserve its Craddock
argument for appeal.  The order denying Orgoo’s motion is signed by the trial
judge, and the attorneys for all parties signed the order “Agreed As To Form.” 
Under these circumstances, we cannot conclude Orgoo “invited” the trial court
to err.





[9]
In Barnes, a panel of this court saw a distinction between “unclaimed”
mail and “refused” mail.  “If a defendant were to know of the existence of
certified mail and refuse to accept it, this would tend to show the defendant
did in fact have notice.”  Id. “On the other hand, ‘unclaimed’ could
very well mean that the plaintiff gave the Secretary of State the wrong address
for the defendant, in which case the defendant would not receive notice, due
process would not be observed, and a plaintiff could pervert the process by
giving incorrect addresses.”  Id. 

 





[10] 
Although Orgoo’s attorney in the California suit received a courtesy copy of
the original petition, actual notice to a defendant, without proper service, is
not sufficient to convey upon the court jurisdiction to render default judgment
against it.  Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex. 1990); see
also Drewery Constr. Co., 186 S.W.3d at 574 n.1 (“Receiving suit papers or
actual notice through a procedure not authorized for service is treated the
same as never receiving them.”).  “Rather, jurisdiction is dependent upon
citation issued and served in a manner provided for by law.”  Wilson,
800 S.W.2d at 836.  Therefore, Orgoo’s receipt of a courtesy copy of the
original petition did not trigger an obligation to answer or appear.  See Wilson,
800 S.W.2d at 836-37 (holding that even actual notice to a defendant is not
sufficient to convey jurisdiction on the trial court and will not serve to cure
defective service).