Opinion issued January 19, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00585-CV

———————————

Demetrio Pena Rivas, Appellant

V.

Maria Ofelia
Rivas, Appellee



 



 

On Appeal from the 308th District Court

Harris County, Texas



Trial Court Case No. 2009-03278

 



 

MEMORANDUM OPINION

          In this appeal from of a no-answer
default judgment of divorce, Demetrio Pena Rivas contends the trial court
abused its discretion by (1) denying his motion to set aside the judgment and for
new trial despite a showing that he satisfied the three requirements for such a
motion in that his failure to answer the divorce petition was unintentional, he
has a meritorious defense, and granting the motion would not cause undue delay
or injury to Maria Ofelia Rivas and (2) reconsidering its initial ruling
granting a new trial.  We affirm.

Background

Maria filed for divorce after more
than eleven years of marriage to Demetrio, alleging that the marriage had
become insupportable.  Demetrio does not
dispute that he was served with Maria’s petition and the citation, which
read:    

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do
not file a written answer with the District Clerk who issued this citation by
10:00 a.m. on the Monday next following the expiration of 20 days after you
were served this citation and petition, a default judgment may be taken against
you.  

 

Demetrio never answered, and the trial court entered
a default divorce decree.

          Demetrio
moved to set aside the decree and for a new trial.  In his motion, Demetrio asserted that, after
Maria filed for divorce, she and he agreed not to separate and continued living
together as husband and wife until shortly before the trial court rendered the
default judgment.  This led Demetrio to
believe that it was unnecessary to answer Maria’s petition.  The trial court conducted an evidentiary
hearing on the motion and indicated its initial intent to grant a new
trial.  When Demetrio requested time for
discovery before proceeding to a new trial, however, the trial court changed
its ruling and entered an order denying the new trial motion.[1]  This appeal followed.  

Standard of Review

A motion for new trial is addressed
to the trial court’s discretion, which will not be disturbed on appeal absent a
showing of abuse of that discretion.  See Strackbein v.
Prewitt, 671 S.W.2d 37, 38 (Tex. 1984); Harold-Elliott
Co., Inc. v. K.P./Miller Realty Growth Fund I, 853 S.W.2d 752, 755 (Tex.
App.—Houston [1st Dist.] 1993, no writ).  The trial court abuses its discretion if
it acts without reference to any guiding rules or principles, or acts in an
arbitrary or unreasonable manner.  Cire v. Cummings, 134 S.W.3d
835, 838-39
(Tex. 2004); Velasco v. Ayala, 312
S.W.3d 783, 791 (Tex. App.—Houston [1st Dist.] 2009, no pet.).  When, as here, there are no findings of fact
and conclusions of law requested or filed, the trial court’s decision must be
upheld on any legal theory that finds support in the evidence.  Strackbein, 671 S.W.2d at 38.

Motion for New Trial

          Demetrio
first argues his entitlement to a new trial under Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex.
1939).  See Velasco,
312 S.W.3d at 791 (observing that to obtain new trial after default judgment,
defaulting party must ordinarily satisfy Craddock
test).  Craddock sets forth a three-part test for determining whether a
default judgment should be set aside and a new trial ordered.  Craddock,
133 S.W.2d at 126. 
To prevail, Demetrio must show:  (1)
his failure to answer was not intentional or the result of conscious
indifference; (2) he has a meritorious defense; and (3) the granting of a new
trial will not operate to cause delay or injury to Maria.  Id. at 126; Lowe v. Lowe,
971 S.W.2d 720, 723 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).  Conscious indifference must amount to more
than mere negligence or mistake; it means “failing to take some action that
would seem indicated to a person of reasonable sensibilities under the same
circumstances.”  Harold-Elliott, 853 S.W.2d at 756.  We consider whether Demetrio knew he had been
sued but did not care.  See Fid. & Guar. Ins.
Co. v. Drewery Constr. Co., Inc., 186 S.W.3d 571, 575-76 (Tex. 2006).   

While we are mindful that
Demetrio’s excuse for defaulting “need not be a good one to suffice,” his
appeal nevertheless fails under Craddock’s
first prong.  Id. at 576.  He has alleged a single excuse for his
failure to answer Maria’s divorce petition: 
he and Maria reconciled, leading him to believe the lawsuit would not
proceed.  Demetrio testified that for nearly
six months preceding the entry of the default judgment, he and Maria lived
together as “husband and wife.”[2]  Maria contradicted Demetrio’s testimony,
stating that she and Demetrio never discussed the possibility of reconciliation;
nor were they intimate in the months before the divorce became final.  As the factfinder
at the evidentiary hearing on the motion for new trial, the trial court could
have believed some, all, or none of Demetrio’s and Maria’s testimony in
determining whether Demetrio’s failure to answer was not intentional or the
result of conscious indifference.  See Strackbein,
671 S.W.2d at 38 (providing that such determination is question of fact for
trial court).  Based
on Maria’s testimony, the record supports a finding that there was no agreement,
or even discussion, regarding reconciliation that would excuse Demetrio’s default.  Consequently, we will not disturb the trial
court’s ruling.  We hold instead that the
trial court did not abuse its discretion in denying Demetrio’s motion for new
trial.[3]  

Accordingly, we overrule Demetrio’s
first issue.  We need not consider
Demetrio’s second issue complaining about the trial court’s reconsideration of
its initial grant of a new trial.  Because
we have already determined that the denial of the motion for new trial should
be upheld for the reason discussed above, we must affirm.  Id. at 38 (noting that trial court’s decision should be upheld on
any legal theory supported by evidence).    

Conclusion

          Having
determined the trial court did not abuse its discretion by denying Demetrio’s
motion for new trial, we affirm the trial court’s judgment.

 

 

                                                                   

Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

 











[1]
          We note that the trial court’s order
disposing of Demetrio’s motion for new trial is less than clear.  The trial court signed Demetrio’s proposed
order granting a new trial.  Although the
trial court altered the title of the proposed order by hand to note that it
denied Demetrio’s motion, the body of the order still provides that a new trial
is “GRANTED.”  The court reporter’s
transcript of the new trial hearing, however, makes clear the trial court’s
intent to deny the motion.  And, because
Demetrio does not argue that the trial court actually ordered a new trial, we
treat the order in the same manner as he treats it, i.e., as an order denying a
new trial.  Maria has not filed an
appellee’s brief, so she has no position on this matter.     





[2]
          Demetrio presented other
evidence of cohabitation at the new trial hearing, including the testimony of
his brother indicating that he had observed Demetrio and Maria living together
in the same household before the entry of the default judgment.  Demetrio also asked the trial court to take
judicial notice of “Movant’s Supporting Affidavit.”  That affidavit, however, is not included in
the appellate record, so we do not consider it as evidence of any Craddock element.

 





[3]           Even
had the trial court had no discretion but to believe Demetrio’s testimony,
Demetrio still would have difficulty satisfying Craddock’s first element. 
Other courts of appeals have recognized that declining to answer a
divorce petition out of hope of reconciliation may be the result of conscious
indifference, given the warning about the consequences of default provided in
the citation.  Cf Coston v. Coston, No. 12-09-00458-CV, 2010 WL 3249856, at *7
(Tex. App.—Tyler Aug. 18, 2010, pet. denied) (mem.
op.); Vasquez v. Vasquez, No.
04-97-00850-CV, 1998 WL 422296, at *2 (Tex. App.—San Antonio July 29, 1998, no
pet.) (mem. op.).  We do not decide whether these cases apply
here given the conflicting testimony in the record and the deference we afford
to the trial court’s decision, but Demetrio has not argued or provided any authority
persuading us that a different result would be required.