WRIGHT BROTHERS ENERGY,
INC., Appellant,

v.

Allen P. KROUGH, Trustee,

and

Jack Newitt, Trustee, Appellees.

No. 01–00–00353–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 20, 2001.

D. John Leger, Leger & Burke, P.C., Houston, for Appellant.

James P. Barnett, Jr., Houston, for Appellee.

Panel consists of Justices TAFT, BRISTER,* and DUGGAN.**

## OPINION

LEE DUGGAN, Jr., Justice (Assigned).

Appellant, Wright Brothers Energy, Inc. ("Wright"), brings a restricted appeal of the trial court's entry of a default judgment in favor of appellees, Allen P. Krough, Trustee, et al. ("Krough"), awarding title to certain oil and gas leases and approximately $25,000. We reverse and remand.

### Factual and Procedural Background

Krough sued Wright to regain title to certain oil and gas leases Wright purchased in a Chapter Seven bankruptcy trustee sale. Krough requested the Colorado County District Clerk to issue citation and mail a copy of the citation and petition to Wright's registered agent for service of process, using certified mail, return receipt requested. Tex.R. Civ. P. 10(b)(a)(2). Krough alleged that Wright's registered address was "1333 Blanco Road, San Antonio, Texas 78216." However, the Clerk's office typed "1330 Blanco Road" on the envelope, accidentally changing the third "3" to a "0." The citation issued and was returned marked "Attempted, Not Known."

Krough requested the Clerk's office to issue and mail a second citation. The envelope containing the second citation bore "1333 Blanco Road, San Antonio, Texas, 78216" as the address. The envelope shows "78216" was typed as the zip code in the original address. However, handwritten notes on the envelope show the number "6" in the zip code scratched out and replaced by hand with a "2." The envelope and citation were returned, marked "Return to Sender" and "No Such Number, 78212."

---

* The Honorable Scott Brister who became Chief Justice of the Fourteenth Court of Appeals on July 16, 2001, continues to participate by assignment for the disposition of this case, which was submitted on March 19, 2001.

** The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Krough moved for substituted service, alleging, "Service was attempted upon Wright Brothers by the Colorado County District Clerk at 1333 Blanco Road, San Antonio, Texas 78216, but it was returned to the Colorado County District Clerk's office, unclaimed." Krough requested the trial court to authorize service upon the Secretary of State as the corporation's agent, under Article 2.11 B of the Business Corporation Act. The trial court authorized such service, and the Clerk issued service of process upon the Secretary of State.

▪ In a "Whitney certificate,"[1] the Secretary of State confirmed that copies of the citation and petition were received, that a copy of each was mailed to the registered agent's address at "1333 Blanco Road, San Antonio, Texas 78216," and that the citation was returned marked with the words "Process was Returned, No Such Number," on October 7, 1999.

In findings of fact and conclusions of law entered on November 5, 1999, the trial court found that the Secretary of State served citation on Wright; however, the findings did not mention that the citation was returned unserved to the Secretary of State's office. The trial court thereafter rendered a final default judgment against Wright. On March 30, 2000, Wright filed its notice of restricted appeal.

In two issues on appeal, Wright contends the trial court erred in rendering default judgment against it because: (1) the judgment was based upon affidavits containing false information; and (2) the trial court did not obtain jurisdiction to render a default judgment because citation was not signed under seal by the District Clerk, as required by Texas Rule of Civil Procedure 99(b)(2).

*Analysis*

To prevail on restricted appeal, an appellant must establish that: (1) it filed the notice of the restricted appeal within six months after the judgment or order appealed from was signed; (2) it was a party to the underlying suit; (3) it did not timely file a post-judgment motion or request for findings of fact and conclusions of law, or notice of appeal; (4) it did not participate, either in person or through counsel, in the actual trial of the case; and (5) the trial court erred and the error is apparent from the face of the record. *See* Tex.R.App. P. 30, 26.1(c); *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997). It is undisputed that Wright established the first four required elements; Wright's restricted appeal turns upon whether error is apparent on the face of the record.

**A. Was error apparent on the face of the record?**

▪ Strict compliance with the rules for service of citation must be affirmatively shown in the record for a default judgment to withstand attack by restricted appeal, and there is no presumption of valid issuance, service, or return of citation. *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994). Jurisdiction over a defendant must be established in the record by an affirmative showing of service of citation, independent of the recitals in the default judgment. *See id.; Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex.App.—Houston [1st Dist.] 1999, no pet.). Failure to comply with the Rules of Civil Procedure renders the attempted service of process invalid. *See*

---

1. A "Whitney certificate" is issued by the Secretary of State when it has received two copies of the petition and citation and has forwarded one copy of each to a defendant in compliance with Tex. Civ. Prac. & Rem.Code Ann. § 17.045(a) (Vernon 1997). *See Whitney v. L & L Realty Corp.*, 500 S.W.2d 94, 95–96 (Tex.1973).

*Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985).

▮ Wright argues that Krough gave the trial court an incorrect registered address for Wright and asserts that its correct registered address is "13333 Blanco Road," (with four "3's") and its correct zip code is "78216." However, even if true, this assertion is not "error apparent from the face of the record," because Wright's *correct* address is nowhere apparent in the trial court's record. *RWL Constr., Inc. v. Erickson*, 877 S.W.2d 449, 451 (Tex.App.—Houston [1st Dist.] 1994, no writ). If Krough furnished the Clerk an incorrect registered address that prevented service of process upon Wright's registered agent, such an error must be established by bill of review. *Commission of Contracts of Gen. Exec. Comm. v. Arriba*, 882 S.W.2d 576, 586 (Tex.App.—Houston [1st Dist.] 1994, no writ) (granting a bill of review and setting aside a default judgment based upon testimony showing that the address stated in the original petition and the Secretary of State's return were both incorrect).

### B. Did Krough exercise reasonable diligence to find Wright's registered agent and establish valid service of process?

▮▮ To be entitled to service of citation upon a corporation by service on the Secretary of State as the corporation's agent, a party is required to establish the corporation has failed to appoint or maintain a registered agent in Texas or that the corporation's registered agent "cannot, with reasonable diligence, be found at the registered office...." TEX. BUS CORP. ACT ANN. art. 2.11(B) (Vernon 2000). To support a default judgment based upon substituted service, the record must show that reasonable diligence was used in seeking service on the corporation's registered agent at the registered office. *RWL Const., Inc. v. Erickson*, 877 S.W.2d 449, 451 (Tex.App.—Houston [1st Dist.] 1994, no writ). Here, the face of the record does not show what action, diligent or otherwise, Krough took to serve Wright's registered agent at Wright's corporate office.

Krough's only efforts to effect service on Wright's registered agent were two attempts by certified mail. Krough's first attempt directed service of citation to an address that even Krough admits was wrong. The second address Krough furnished resulted in a return of the letter with the post office's notation to the sender that there was "no such number," and that the zip code did not match the address. These facts were sufficient to put a party attempting service by mail on notice that there was a problem with the address. The failure to show further efforts at service on the registered agent at the corporate office constitutes a failure of reasonable diligence as a matter of law. *Nat'l Multiple Sclerosis Society-North v. Rice*, 29 S.W.3d 174, 177 (Tex.App.—Eastland 2000, no pet.).

▮ We have held that a diligent plaintiff may rely upon the registered address a corporation has placed on file with the Secretary of State, even when the plaintiff knows that the address is no longer correct. *Harold-Elliott v. K.P./Miller Realty Growth Fund I*, 853 S.W.2d 752, 756 (Tex. App.—Houston [1st Dist.] 1993, no writ). However, for a plaintiff to be entitled to rely on such service, citation must reflect why service was not accepted. There must be some explanation in the return stating why service was unsuccessful, even when all statutory requirements have been met. *Id.* (return established that defendant had moved from registered office address two years earlier); *G.F.S. Ventures, Inc. v. Harris*, 934 S.W.2d 813, 816–17

(Tex.App.—Houston [1st Dist.] 1996, no writ) (current residents told constable that defendant had left registered address months before). Reasonable diligence in attempting service on a registered agent is not shown when the record simply indicates that there was some problem with the address. *RWL Const., Inc.,* 877 S.W.2d at 451 (when nothing on the face of the record and the officer's return indicates the deputy used reasonable diligence in attempted service, the record does not reflect reasonable diligence for substituted service); *also, Beach, Bait & Tackle, Inc. v. Holt,* 693 S.W.2d 684, 685–86 (Tex. App.—Houston [14th Dist.] 1985, no writ) (when a citation has been returned unserved, the officer's return must show what diligence was used by the officer to execute the citation). Here, because the returned citation does not reflect why it was returned or rejected, Krough did not exercise reasonable diligence to obtain the correct address.

Because Krough did not show reasonable diligence in serving Wright's registered agent at the registered office, and the error was shown on the face of the record, the trial court erred in permitting substitute service on the Secretary of State pursuant to Article 2.11 B of the Business Corporation Act. Wright's first issue is sustained.

Because Wright's first issue requires reversal, we do not address its remaining issues.

### Conclusion

The judgment is reversed, and the cause is remanded to the trial court.