Opinion issued January 26, 2006







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00943-CV
____________

JOICY A. BASSIE, Appellant

V.

CITIBANK (SOUTH DAKOTA) N. A., Appellee




On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2004-36454




MEMORANDUM OPINION
          Appellee, Citibank (South Dakota) N. A. (Citibank) requests we dismiss this
appeal for lack of jurisdiction. 
          The trial court granted Citibank a default judgment against appellant, Joicy A.
Bassie on, on April 6, 2005. Bassie filed a motion for new trial on April 29, 2005,
which was overruled by operation of law on June 23, 2005. On October 6, 2005,
Bassie filed a notice of appeal for a restricted appeal.
          To qualify for a restricted appeal, an appellant must establish that: (1) she filed
the notice of restricted appeal within six months after the judgment or order appealed
from was signed; (2) she was a party to the underlying suit; (3) she did not timely file
a post-judgment motion or request for findings of fact and conclusions of law, or
notice of appeal; (4) she did not participate, either in person or through counsel, in
the actual trial of the case; and (5) the trial court erred and the error is apparent from
the face of the record. Tex. R. App. P. 30, 26.1(c); Wright Bros. Energy, Inc. v.
Krough, 67 S.W.3d 271, 273 (Tex. App.—Houston [1st Dist.] 2001, no pet.). 
Citibank asserts that Bassie does not meet the third requirement because she did file
a timely post-judgment motion, a motion for new trial. We agree, and, therefore,
conclude that we do not have jurisdiction to consider this appeal as a restricted
appeal.
          Neither do we have jurisdiction to consider the appeal as a conventional appeal. 
Having timely filed a motion for new trial, Texas Rule of Appellate Procedure
26.1(a)(1) required Bassie to file her notice of appeal within 90 days of the date of the
signing of the judgment complained of (by July 5, 2005), or within 105 days (by July
20, 2005) if she filed it pursuant to Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex.
1997), or with a motion to extend time pursuant to Texas Rule of Appellate Procedure
26.3. The notice of appeal having been filed on October 4, 2005, it was well outside
the time to meet the jurisdictional requirements for a conventional appeal. 
          Accordingly, we dismiss the appeal for want of jurisdiction.
PER CURIAM
Panel consists of Justices Nuchia, Keyes, and Hanks.