Opinion issued February 4, 2010
















In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00559-CV




TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

V.

SHARON R. DAHLQUIST, Appellee




On Appeal from the 1st District Court
Jasper County, Texas
Trial Court Cause No. 28,744



MEMORANDUM OPINION

            Appellant, the Texas Department of Public Safety (DPS), appeals an order
expunging appellee Sharon R. Dahlquist’s arrest for theft.


 Appellee filed her petition
for expunction on December 13, 2007, and the trial court granted the petition on
January 18, 2008. DPS filed a restricted appeal. In its sole issue, DPS contends that
appellee was not entitled to expunction under article 55.01 of the Texas Code of
Criminal Procedure because she received deferred adjudication probation for the theft
offense that she sought to expunge. 
          We reverse the judgment of the trial court and render judgment denying
Dahlquist’s petition for expunction of her theft charge. 
Background
          On December 13, 2007, Dahlquist filed a petition to expunge her criminal
record of a charge based on the citation she received for theft, a class “A”
misdemeanor,


 on October 14, 1986. On November 13, 1986, Dahlquist accepted a
plea agreement that placed her on deferred adjudication for three months. The record
does not include a final judgment for the theft charge, but Dahlquist did attach a copy
of the county judge’s deferred adjudication order to her petition for expunction. 
          Dahlquist’s petition provided notice to the: (1) county clerk of Jasper County,
Texas; (2) Texas DPS; (3) Criminal District Attorney, Steve Hollis; and (4) Jasper
County Sheriff, Ronnie McBride. The trial court set Dahlquist’s petition for a
hearing. DPS and the District Attorney filed original answers claiming that Dahlquist
was not entitled to have her record expunged because she had been placed on deferred
adjudication. On January 18, 2008, Dahlquist appeared at the hearing pro se, and no
other party appeared. The hearing was not transcribed by a court reporter, and the
trial court did not make findings of fact or conclusions of law. That same day, the
trial court signed an order of expunction granting Dahlquist’s petition. On June 17,
2008, DPS filed a restricted appeal challenging the trial court’s decision to grant
Dahlquist’s petition.Restricted Appeal
            DPS first argues that it is entitled to review by restricted appeal. To prevail on
restricted appeal, an appellant must establish the following: (1) he filed the notice of
the restricted appeal within six months after the judgment or order appealed from was
signed; (2) he was a party to the underlying suit; (3) he did not timely file a post-judgment motion or request for findings of fact and conclusions of law, or notice of
appeal; (4) he did not participate, either in person or though counsel, in the actual trial
of the case; (5) the trial court erred; and (6) the error is apparent from the face of the
record. Tex. R. App. P. 26.1(c), 30; Wright Bros. Energy, Inc. v. Krough, 67 S.W.3d
271, 273 (Tex. App.—Houston [1st Dist.] 2001, no pet.). The face of the record
consists of all the papers on file in the appeal, including any reporter’s record. 
Binder v. Joe, 193 S.W.3d 29, 32 (Tex. App.—Houston [1st Dist.] 2006, no pet.).
          The record reflects that DPS satisfied the first four requirements. We now
determine whether the trial court erred and whether that error is apparent from the
face of the record.Entitlement to Expunction
          DPS argues that the trial court erred in granting Dahlquist an expunction of
records related to her theft charge because she received deferred adjudication
probation as a consequence of that arrest.
          To be entitled to an expunction, Dahlquist had the burden of proving that all
of the statutory requirements had been satisfied. See Tex. Code Crim. Proc. Ann.
art. 55.01 (Vernon 2006); Harris County Dist. Attorney v. Lacafta, 965 S.W.2d 568,
569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). “The trial court must strictly
comply with the statutory procedures for expunction, and it commits reversible error
when it fails to comply.” Tex. Dep’t of Pub. Safety. v. Fredricks, 235 S.W.3d 275,
281 (Tex. App.—Corpus Christi 2007, no pet.); see also Tex. Dep’t of Pub. Safety v.
J.H.J., 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (“The
trial court must strictly comply with the statutory requirements, and has no equitable
power to extend the protections of the expunction statute beyond its stated
provisions.”). 
          In relevant part, article 55.01 of the Texas Code of Criminal Procedure
provides that a person is entitled to an expunction of an arrest record if: 
         (1) the person is tried for the offense for which the person was
arrested and is:
 
 (A) acquitted by the trial court, except as provided by
Subsection (c) of this section; or
 
 (B) convicted and subsequently pardoned; or
 
 (2) each of the following conditions exist:
. . . 
 (B) the person has been released and the charge, if any, has
not resulted in a final conviction and is no longer pending
and there was no court ordered community supervision
under Article 42.12 for any offense other than a Class C
misdemeanor. . . . 

Tex. Code Crim. Proc. Ann. art. 55.01.

          Here, Dahlquist was neither acquitted by the trial court nor convicted and
subsequently pardoned. Therefore, she was required to show that each of the
conditions in article 55.01(2) existed, including that there was no court ordered
community supervision. See id. art. 55.01(2)(B). Dahlquist acknowledged in her
petition for expunction that she “was placed on a deferred adjudication order of three
month[’s] probation,” and she attached a copy of the deferred adjudication order to
her petition. Deferred adjudication is a form of community supervision. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon 2006); see also Houston v. State, 201
S.W.3d 212, 225 n.3 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (stating that
deferred adjudication probation is one of three forms of probation available under
article 42.12 of the Code of Criminal Procedure). Thus, Dahlquist was not entitled
to the expunction, and the trial court committed reversible error by failing to strictly
comply with the expunction statute. See Tex. Code Crim. Proc. Ann. art. 55.01;
Fredricks, 235 S.W.3d at 281. 
          We conclude that DPS has shown that the trial court erred and that the error
was apparent from the face of the record. See Tex. R. App. P. 26.1(c), 30; Wright
Bros. Energy, Inc., 67 S.W.3d at 273.
          We sustain DPS’s sole issue.
 
 
Conclusion
          We conclude that DPS has met the requirements for review by restricted appeal
of the expunction of the records for Dahlquist’s arrest for theft. We reverse the
judgment of the trial court and render judgment denying Dahlquist’s petition for
expunction of her 1986 theft charge.
 





                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Keyes, Sharp, and Massengale.