Affirmed and Memorandum Opinion filed April 5, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00021-CV



 

Autodynamics Inc., Appellant

V.

Mitchell VErvOORt, Appellee

 



On Appeal from the 151st
District Court

Harris County, Texas

Trial Court Cause No. 2009-10687



 

MEMORANDUM  OPINION

 

Autodynamics Inc. filed a petition for bill of review
seeking to overturn a default judgment rendered in favor of Mitchell Vervoort in
an underlying suit.  The trial court granted summary judgment in favor of
Vervoort, and Autodynamics appeals.  We affirm.

BACKGROUND

I.         Underlying Suit

Vervoort sued Autodynamics and Ilkem Sahin on
September 28, 2007, claiming damages for fraud, breach of contract, and suit under
a promissory note.  The petition recited the address for Autodynamics’s registered
agent, Sanjay Varma, as “10912 Fawnlily Street, The Woodlands, Texas 77380.” 
Citation for Autodynamics was issued on October 10, 2007.  A Harris County Constable
attempted service of process on Autodynamics at the Fawnlily address by
certified mail on October 15, 2007, but the constable’s return shows that
service was unsuccessful; the envelope was marked “return to sender, not
deliverable as addressed, unable to forward.”  A private process server
attempted in-person service of process at the same address, but her attempts also
were unsuccessful.

Vervoort filed a motion for substituted service on
the Texas Secretary of State on June 11, 2008.  See Tex. Bus. Orgs. Code
Ann. § 5.251 (Vernon Supp. 2009) (effective Jan. 1, 2006).  The trial court
granted the motion, and Vervoort served process on the Secretary of State.  The
Secretary of State forwarded the citation and original petition to Varma by
certified mail on July 18, 2008.  It was returned to the Secretary of State
stamped “undeliverable as addressed, unable to forward.”

Autodynamics failed to file an answer when it became
due on August 11, 2008.  Vervoort filed a motion for default judgment against Autodynamics
on September 9, 2008.  The trial court granted default judgment in favor of
Vervoort on October 7, 2008.[1] 
Vervoort dismissed all claims that same day against the only other defendant,
Ilkem Sahin, thus making the default judgment final.  

II.        Petition for
Bill of Review

Autodynamics filed its petition for bill of review on
February 20, 2009.[2] 
Autodynamics alleged that the default judgment was issued in violation of due
process because Autodynamics was not served with process.  Vervoort filed a
motion for summary judgment arguing that Autodynamics could not establish its
entitlement to a bill of review as a matter of law.  Autodynamics filed a
response to the motion, as well as a motion for continuance and a motion to
compel.  The trial court denied Autodynamics’s motions and granted summary
judgment in favor of Vervoort on October 27, 2009.

Autodynamics argues in its first issue on appeal that
the trial court erred in granting summary judgment because disputed issues of
material fact exist as to whether Autodynamics was properly served in the
underlying lawsuit.  In its second and third issues, Autodynamics contends that
the trial court erred in denying its motion to compel and motion for continuance. 
Vervoort raises one issue on cross-appeal, arguing that this court should award
damages and attorney’s fees against Autodynamics because this appeal is “frivolous
and brought in bad faith.”

ANALYSIS

A bill of review is an equitable proceeding brought
by a party seeking to set aside a prior judgment that is no longer appealable
or subject to a motion for new trial.  Caldwell v. Barnes, 154 S.W.3d
93, 96 (Tex. 2004).  It requires pleading and proof of three elements: (1) a
meritorious defense to the underlying cause of action; (2) that was not
asserted due to fraud, accident, or wrongful act of an opponent or official mistake;

(3) unmixed with any fault or negligence by the movant.  Id.  

If a party petitioning for a bill of review seeks to
set aside a default judgment based on lack of proper service, the petitioner
need not prove the first two requirements.  Id.  A petitioner alleging lack
of proper service still must prove that the default judgment was unmixed with
any fault or negligence by the petitioner.  Id. at 97.  Proof of
non-service will establish this element conclusively if the petitioner asserts
lack of service of process as the only defense.  Id.

If a bill of review petitioner claims lack of
service, the trial court should 
(1) dispense with any pretrial inquiry into a meritorious defense; (2) hold a
trial, at which the bill of review petitioner assumes the burden of proving lack
of service; and (3) conditioned on an affirmative finding that the petitioner
was not served, allow the parties to revert to their original status as
plaintiff and defendant with the burden on the original plaintiff to prove the
case.  See id. at 97–98.   

I.         Summary
Judgment

Autodynamics first argues that summary judgment was
improper because disputed fact issues remain on the issue of whether it was
served with process.  Autodynamics claims that substituted service through the
Secretary of State in this case was defective because Vervoort failed to
exercise reasonable diligence in attempting to locate and serve process through
Autodynamics’s registered agent.

An appellate court applies de novo review to a
grant of a traditional motion for summary judgment, using the same standard
that the trial court used in the first instance.   Duerr v. Brown, 262 S.W.3d
63, 68 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005)).  The defendant
as movant must disprove at least one of the essential elements of each of the
plaintiff’s causes of action in order to prevail on summary judgment.  Wright
v. Greenberg, 2 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] 1999, pet.
denied) (citing Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.
1991)).  This burden requires the movant to show that no genuine issue of
material fact exists and that the movant is entitled to judgment as a matter of
law.  Id. (citing Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548–49 (Tex. 1985)).  If the movant satisfies this burden, then the burden
shifts to the nonmovant to raise a genuine, material fact issue sufficient to
defeat summary judgment.  Walker v. Harris, 924 S.W.2d 375, 377 (Tex.
1996).  In determining whether a material fact issue exists to preclude summary
judgment, evidence favoring the nonmovant is taken as true, and all reasonable
inferences are indulged in favor of the nonmovant.  Id.

 

 

A.        Substituted Service of Process

The Texas Business Organizations Code places upon
corporations the duty to maintain a registered agent and office and to notify
the Secretary of State of any change in either the registered agent or office. 
See Tex. Bus. Orgs. Code Ann. §§ 5.201–.202 (Vernon Supp. 2009)
(relevant text effective Jan. 1, 2006).  This requirement enables aggrieved
citizens to serve the corporation with a lawsuit.  Houston’s Wild W., Inc.
v. Salinas, 690 S.W.2d 30, 32 (Tex. App.—Houston [14th Dist.] 1985, writ
refused n.r.e.).  A registered agent is required to “accept service of process
and otherwise perform the functions of a registered agent.”  See Tex.
Bus. Corp. Act Ann. art. 2.09(A)(2) (Vernon Supp. 2006) (former version of Tex.
Bus. Orgs. Code Ann. § 5.206 (Vernon Supp. 2009) (effective Jan. 1, 2010)).  When
the registered agent of a corporation cannot “with reasonable diligence be
found at the registered office,” the Secretary of State acts as agent of such
corporation for substituted service of process.  See Tex. Bus. Orgs.
Code Ann. § 5.251.  

Autodynamics’s articles of incorporation on file with
the Secretary of State include the following statement: 

The street address of [Autodynamics’s]
initial Registered Office, and the name of its initial Registered Agent at this
address is as follows:

            Sanjay Varma

            10912 Fawnlily Street

            The Woodlands,
Texas 77380.[3]

The constable’s return states that service of process
was attempted through Varma at the Fawnlily address by certified mail, but that
it was returned, marked “not deliverable as addressed, unable to forward.”  The
private process server’s affidavit states that she attempted in-person service
of a copy of the citation and the original petition through Varma at the
Fawnlily address, but the current resident informed her that Varma no longer
lived at that address and claimed not to have current contact information for
Varma. 

The trial court granted Vervoort’s motion for
substituted service based on this evidence, finding that Vervoort had
“diligently attempted to serve” Autodynamics through its registered agent at the
registered office.  The certificate subsequently issued by the Secretary of
State states that she received and forwarded a copy of the citation and the
original petition by certified mail, and that the process was returned marked
“Not Deliverable as Addressed, Unable to Forward.”      

After the trial court granted default judgment and Autodynamics
filed its petition for a bill of review, Vervoort filed a motion for summary
judgment.  Vervoort argued that its evidence establishes as a matter of law
that Autodynamics was properly served through substituted service on the
Secretary of State.  See Campus Inv., Inc. v. Cullever, 144 S.W.3d 464,
466 (Tex. 2004) (per curiam) (“A certificate . . . from the Secretary of State
[showing effective substituted service] conclusively establishes that
process was served.”) (emphasis in original).  In support of its argument that no
issue of material fact remained on the issue of “reasonable diligence,”
Vervoort attached the evidence submitted to the trial court in its motion for
substituted service, as well as Varma’s deposition testimony in which he states
that he no longer lived at the Fawnlily address at the time of attempted
service.[4] 
Vervoort argued further that Autodynamics could not, as a matter of law, show
entitlement to a bill of review because it negligently failed to update
addresses for its registered office and agent as required by statute.  See Tex.
R. Civ. P. 166a; Campus Inv., Inc., 144 S.W.3d at 466.  

Autodynamics responded, arguing that a disputed fact
issue remains on the issue of “reasonable diligence” because (1) an affidavit of
the current resident of the Fawnlily address contradicts the private process
server’s affidavit regarding in-person attempts to serve process at that
location; and (2) the evidence shows that Vervoort was aware of but failed to
attempt service at Autodynamics’s principal place of business.  Autodynamics
contends that this disputed fact issue precludes summary judgment on the issue
of lack of service.  See Walker, 924 S.W.2d at 377.

B.        Reasonable Diligence

The Texas Supreme Court has stated that absent fraud
or mistake, a certificate from the Secretary of State constitutes conclusive
evidence that the Secretary of State, as agent of the defendant, received
service of process for the defendant and forwarded the service as required by
the statute.  Campus Inv., Inc., 144 S.W.3d at 465.  Thus, a certificate
from the Secretary of State may conclusively establish that process was
served.  See id. at 466.  

However, such a certificate does not establish
whether a defendant’s registered agent could not “‘with reasonable diligence be
found at the registered office.’”  See Marrot Commc’ns, Inc. v. Town &
Country P’ship, 227 S.W.3d 372, 378 (Tex. App.—Houston [1st Dist.] 2007, pet.
denied) (quoting Tex. Bus. Corp. Act. Ann. art. 2.11) (previous version of Tex.
Bus. Orgs. Code Ann. § 5.251).  “[A] default judgment obtained after an
attempted substituted service will not stand absent a showing by the plaintiff
that, before it resorted to substituted service, it first used reasonable
diligence in seeking service on the registered agent of the corporation.”  Ingram
Indus., Inc. v. U.S. Bolt Mfg., Inc., 121 S.W.3d 31, 34 (Tex. App.—Houston
[1st Dist.] 2003, no pet.).[5] 


Reasonable diligence may be shown by evidence that service
of process was attempted but was unsuccessful because the address of the registered
office no longer belonged to the registered agent at that time.  See id.
at 34 (reasonable diligence was shown because constable’s return of service was
“clear that the address on the citation was not the actual address of Ingram
Industries, but that this location had been occupied by some other person or
entity for the past 10 years”).  The constable’s return, the private process
server’s affidavit, and Varma’s deposition testimony establish that service of
process was attempted but failed because Varma no longer lived at the
registered office address.  See id.; see also Wright, 2 S.W.3d at
670.

Autodynamics argues that the affidavit of the current
resident of the Fawnlily address controverts Vervoort’s contention that service
of process was, in fact, attempted.  In her affidavit, the current resident
states that (1) she has lived at the address since she purchased the home from
Varma in 2004; (2) “someone is at [the address] at all times;” (3) “at no time
[has she] ever known anyone to attempt service of a lawsuit on Sanjay Varma” at
that address; and (4) “[n]o one in my household has talked with any process
server attempting to serve papers on Mr. Varma at any time.”    

Taking this evidence as true, the current resident’s
affidavit does not controvert the fact that Varma no longer lived at the
Fawnlily address at the time of attempted service, or that service of process
was, in fact, attempted.  See Ingram Indus., Inc., 121 S.W.3d at 34.  Even
if we read the current resident’s affidavit as disputing the fact of attempted
in-person service rather than awareness of such an attempt,[6]
Vervoort also submitted evidence of the constable’s attempted service by
certified mail.  Further, the current resident’s statement that she has lived
at the Fawnlily address since purchasing the property from Varma in 2004
confirms rather than contradicts evidence showing that Varma no longer lived at
the Fawnlily address at the time of attempted service.  Autodynamics failed to present
to the trial court any issue of disputed fact that would preclude summary
judgment on the ground that Vervoort exercised reasonable diligence in
attempting to locate and serve Autodynamics at the Fawnlily address.[7] 
See Walker, 924 S.W.2d at 377.

In so far as Autodynamics argues that the current
resident’s affidavit contradicts evidence that the private process server
attempted to obtain updated contact information for Varma from the current
residents, this issue is irrelevant.  The current resident states in her
affidavit: “I have Mr. Varma’s phone number and I would call him [if anyone
attempted service of process].  I would let a process server know how to get in
touch with Mr. Varma.”  However, as this court has said before: 

[S]ervice on
the Secretary of State is proper if the agent cannot, with reasonable
diligence, be located at the registered office.  This language is
significant.  Clearly, neither a party nor a constable is required, as a
condition precedent to effective substituted service through the Secretary of
State, to undertake a search of the yellow pages, or any other source, in an
attempt to serve a corporation [at a location other than the registered
office].  This would defeat the purpose of requiring a corporation to maintain
a registered office. . . .  [The serving party] was not required to take any
action other than that prescribed by the statute.  

Houston Int’l Film
Festival v. Fogarty and Klein, Inc., No. 14-95-00402-CV, 1996 WL 138299, at
*3 (Tex. App.—Houston [14th Dist.] Mar. 28, 1996, no writ.) (not designated for
publication) (citations omitted) (emphasis in original).  Whether Vervoort
asked for or received updated contact information for Varma does not affect the
“reasonable diligence” inquiry.

Autodynamics alternatively argues that Vervoort
failed to exercise reasonable diligence because he was aware of the address of Autodynamics’s
principal business office, but failed to attempt service of process at that
location.[8] 


There is no requirement under section 5.251(1)(B)
that Vervoort attempt service on Autodynamics at its place of business, in
addition to attempting service at the registered office of the registered
agent.  See Tex. Bus. Org. Code Ann. § 5.251(1)(B); see also Ingram
Indus., Inc., 121 S.W.3d at 35 (“There is no requirement [under the
statute] that U.S. Bolt also attempt to serve [the registered agent] at Ingram
Industries’s place of business, in addition to serving him at the address filed
with the Secretary of State for Ingram Industries.”); Houston’s Wild W.,
Inc., 690 S.W.2d at 32 (“There is . . . no guarantee that appellee would
have found the appropriate persons [to serve] at [the corporation’s place of
business].  In any event, we conclude that there is no requirement under [the
statute] that such an attempt be made.”); TXXN, Inc. v. D/FW Steel Co.,
632 S.W.2d 706, 708 (Tex. App.—Fort Worth 1982, no writ) (“[T]here is a
possibility and even a probability in many cases that [a registered agent would
not] be found at the corporation’s place or places of business.  We therefore
hold that [evidence of appellee’s knowledge of appellant’s place of business]
creates no presumption that appellant was amenable to service at that
address.”).  Vervoort was not required to attempt service of process at
Autodynamics’s principal place of business before resorting to substituted
service on the Secretary of State.  

The trial court properly concluded as matter of law
that Autodynamics could not show lack of service because (1) Vervoort showed
that he exercised reasonable diligence in attempting to locate and serve Varma;
and (2) the evidence conclusively establishes that substituted service was
accomplished.  See Wright, 2 S.W.3d at 670.  Vervoort’s initial attempts
to serve process failed because of Autodynamics’s own negligent failure to
comply with the statutory requirements, which are designed to assure it
receives notice of pending suits.  See Campus Inv., Inc., 144 S.W.3d at
466.  Accordingly, Autodynamics could not show entitlement to a bill of review
based on lack of service of process, and the trial court properly granted
summary judgment.  See Caldwell, 154 S.W.3d at 97; Wright, 2
S.W.3d at 670.    

We overrule Autodynamics’s first issue.[9] 


II.        Motion for
Continuance and Motion to Compel

Autodynamics argues in its second and third issues
that the trial court erred in denying its (1) motion for continuance to allow
time for Vervoort’s deposition to be transcribed; and (2) motion to compel certain
documents belonging to Vervoort’s attorney’s file.  Autodynamics states in its
brief: “The testimony and documents from the file of [Vervoort’s attorney] were
necessary to AUTODYNAMICS INC. because no where else can it be learned what was
known to [Vervoort] regarding AUTODYNAMICS INC.’S principal place of business,
and when it was known.”  Autodynamics claims that these materials are relevant to
show that Vervoort was aware of the address of Autodynamics’s principal
business office, but failed to attempt service of process at that location.

We already have noted that Vervoort was under no
obligation to attempt service of process at any location other than the address
for Autodynamics’s registered agent at his registered office.  See Tex.
Bus. Org. Code Ann. § 5.251(1)(B); see also Ingram Indus., Inc., 121
S.W.3d at 35; Houston’s Wild W., Inc., 690 S.W.2d at 32; TXXN, Inc.,
632 S.W.2d at 708.  Discovery related to Vervoort’s knowledge about
Autodynamics’s principal business office would not have helped Autodynamics
avoid summary judgment.  

Moreover, a diligent party may rely on the registered
address a corporation has placed on file with the Secretary of State, even when
the party knows that the address is no longer correct.  Wright Bros. Energy,
Inc. v. Krough, 67 S.W.3d 271, 274 (Tex. App.—Houston [1st Dist.] 2001, no
pet.) (citing Harold-Elliott v. K.P./Miller Realty Growth Fund I, 853
S.W.2d 752, 756 (Tex. App.—Houston [1st Dist.] 1993, no writ)).  Even if
Vervoort had been aware that Varma no longer lived at the Fawnlily address, he
was entitled to attempt service at that location because it was listed as the
registered office of its registered agent.  See id.  Discovery relating
to Vervoort’s knowledge on this issue also would not have helped Autodynamics
avoid summary judgment.

The trial court properly denied Autodynamics’s motion
for continuance and motion to compel.  We overrule Autodynamics’s second and
third issues.  

III.      Damages and
Attorney’s Fees

In his only issue on cross-appeal, Vervoort argues
that this court should award damages and attorney’s fees against Autodynamics
because this appeal “is frivolous and brought in bad faith.”  

“If a court of appeals determines that an appeal is
frivolous, it may — on motion of any party or on its own initiative, after
notice and a reasonable opportunity for response — award each prevailing party
just damages.”  See Tex. R. App. P. 45.  Whether to grant sanctions is a
matter of discretion that we exercise with prudence and caution, and only after
careful deliberation.  Conseco Fin. Serv. v. Klein Ind. Sch. Dist., 78
S.W.3d 666, 676 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  Although
imposing sanctions is within our discretion, we will do so only in truly
egregious circumstances.  Id.  If an appellant’s argument on appeal
fails to convince the court, but has a reasonable basis in law and constitutes
an informed, good-faith challenge to the trial court’s judgment, sanctions are
not appropriate.  Id.  Although the law is clearly contrary to
Autodynamics’s issues on appeal, we decline to award damages or attorney’s fees
against Autodynamics in this case.

We overrule Vervoort’s issue on cross-appeal.

 

 

 

CONCLUSION

Having overruled all of Autodynamics’s issues on
appeal, and Vervoort’s issue on cross-appeal, we affirm the judgment of the
trial court.

 








                                                                                    

                                                            /s/                    William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Brown,
Boyce, and Jamison.









[1]
See Tex. R. Civ. P. 107 (“No default judgment shall be granted in any
cause until the citation, or process . . . with proof of service . . . shall
have been on file with the clerk of the court ten days . . . .”); Tex. R. Civ.
P. 239 (“[A]t any time after a defendant is required to answer, the plaintiff
may . . . take judgment by default against such defendant if he has not
previously filed an answer . . . .”).





[2]
The petition was brought against Vervoort, Vervoort’s attorney Kenneth Zimmern,
and the constable who executed the default judgment.  Zimmern and the constable
were dismissed from the case on March 31, 2009.





[3]
Autodynamics’s Texas Franchise Tax Public Information Reports list the same
“[r]egistered agent and registered office currently on file [with the Secretary
of State].”  The reports also list the corporation’s principal office and
principal place of business as “5723 Star Lane, Houston, Texas, 77057.” 
Autodynamics filed to change the address of its registered office to the “5723
Star Lane, Houston, Texas, 77057” on March 12, 2009.





[4]
Varma answered affirmatively to the following question: “So [the Fawnlily
address] was no longer a good address for Sanjay Varma as of 2004, right?”  





[5]
In reviewing the trial court’s judgment in a bill of review action, we are not
limited to “errors apparent on the fact of the record” and may consider
“affidavits, depositions, testimony and exhibits” submitted by the parties to
the trial court.  See Marrot, 227 S.W.3d at 379 (citing Fidelity
& Guar. Ins. Co. v. Drewery Constr. Co., Inc., 186 S.W.3d 571, 573–74
(Tex. 2006)).





[6]
The private process server did not state in her affidavit that she informed the
residents that she was attempting to serve process through Varma.





[7]
Autodynamics relies on two cases to support its argument that Vervoort did not
exercise reasonable diligence: Wright Bros. Energy, Inc. v. Krough, 67
S.W.3d 271 (Tex. App.—Houston [1st Dist.] 2001, no pet.), and Nat’l Multiple
Sclerosis Soc’y–N. Tex. Chapter v. Rice, 29 S.W.3d 174 (Tex. App.—Eastland
2000, no pet.).  Both cases are distinguishable.  Wright Brothers Energy,
Inc. involved attempted service that failed because the envelope was
incorrectly addressed.  Wright Bros. Energy, Inc., 67 S.W.3d at 274. 
The record in National Multiple Sclerosis Society contained no
explanation as to why the attempted service was unsuccessful.  Nat’l
Multiple Sclerosis Soc’y, 29 S.W.3d at 177.  In contrast, Autodynamics does
not argue that the Fawnlily address used by Vervoort in attempting service was
not the same address registered with the Secretary of State, and the record
shows that the attempt was unsuccessful because Varma no longer lived at the
Fawnlily address at the time of attempted service.   





[8]
Autodynamics refers to the address of its principal place of business as the
address of its “registered” office.  Although the address of the principal
place of business appears in some of the documents filed with the Secretary of
State, it is never listed as the address for the registered office of the
registered agent.





[9]
Autodynamics briefly argues that “[a] person bringing suit must not only file
the suit within the statute of limitations, he must use due diligence in
serving the Appellee with process. . . .  A fact question exists regarding
diligence which must be submitted to the trier of fact.”  The record shows that
a Harris County Constable first attempted service of process by certified mail
less than a month after suit was filed, and that this attempt was unsuccessful
because of Autodynamics’s negligent failure to update the address of its
registered agent or office.  Autodynamics cannot show entitlement to a bill of
review based on this argument.  See Caldwell, 154 S.W.3d at 97; Wright,
2 S.W.3d at 670.