**Reverse and Remand; Opinion Filed December 13, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01294-CV

### U.S. BANK NATIONAL ASSOCIATION, TRUSTEE, Appellant
### V.
### BONNEY, PAULA A., Appellee

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-04176**

## MEMORANDUM OPINION
Before Justices Moseley, Lang, and Brown
Opinion by Justice Lang

US Bank National Association, Trustee ("USBNA") appeals from a default judgment rendered by the trial court in favor of Paula A. Bonney ("Bonney"). USBNA raises two issues: (1) whether it was amenable to service through the Secretary of State and whether such service was accomplished in accordance with the applicable statutory requirements, and (2) whether the default judgment extinguishing a deed of trust should be set aside given the facts admitted by the default.

Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. The background of the case is well known to the parties. Therefore, we do not recite it here in detail. For the reasons set forth below, we reverse the

default judgment and remand this case to the trial court for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2012, Bonney filed suit against USBNA, alleging several claims including a number of specific statutory violations. In her petition, Bonney states, *inter alia*,

[USBNA's] agent for service of process is not located within the state of Texas. The records of the Texas Secretary of State indicate that US Bank has directed that service of process by [sic] directed to its agent in Minnesota. Accordingly, service should be on the Secretary of State Citation Unit, who should then transmit the Citation and Petition to the agent for service of process:

Elizabeth Becker

350 N. Robert St.

St. Paul, MN 55101

Bonney did not allege any statute or procedural rule to support this method of service.

A citation was issued and served upon the Texas Secretary of State. The Secretary of State sent correspondence that included a copy of the citation and original petition by certified mail, return receipt requested, to the Minnesota address provided in Bonney's petition. The record includes a certificate from the Secretary of State indicating both that it forwarded process to the Minnesota address and the process was returned to the Secretary of State's office on May 2, 2012, bearing the notation "No Such Number."

Then, on May 31, 2012, Bonney filed a Certificate of Last Known Address and a Motion for Default Judgment, alleging that service was made on the Secretary of State on April 23, 2012 and that the return of service had been on file in the trial court for at least 10 days. Bonney further alleged in the motion that the answer date in this suit was May 14, 2012 and USBNA had

–2–

not filed an answer or any other responsive pleading in this case. In support of her motion, Bonney submitted as a "supplemental exhibit" a certified copy of a document titled "Amendment to Agent Appointment" provided by the Secretary of State, stating the registered agent for "U.S. Bank Trust National Association" was located at the Minnesota address Bonney had identified in her petition.

The court granted the motion and rendered a final default judgment dated June 23, 2012. USBNA did not file any postjudgment motions, but filed a Notice of Restricted Appeal on August 31, 2012.

## II. LEGAL AUTHORITIES

Under the Texas Rules of Appellate Procedure,

[A] party who did not participate - either in person or through counsel - in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a), may file a notice of appeal within the time permitted by Rule 26.1(c).

TEX. R. APP. P. 30.

"A restricted appeal is a direct attack on a judgment." *Deutsche Bank Trust Co., N.A. v. Hall*, 400 S.W.3d 668, 669 (Tex. App.—Texarkana 2013, pet. denied). "In a restricted appeal, we are limited to considering only the face of the record, but our scope of review is otherwise the same as that in an ordinary appeal; that is, we review the entire case." *Thomas v. Martinez*, 217 S.W.3d 680, 683 (Tex. App.—Dallas 2007, pet. struck) (citing *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam)).

To prevail on a restricted appeal, an appellant must establish four things: "(1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party

to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). In a restricted appeal, the face of the record is comprised of all the papers in the file for the appeal. *Lytle v. Cunningham*, 261 S.W.3d 837, 839 (Tex. App.—Dallas 2008, no pet.) (citing *Norman Commc'ns*, 955 S.W.2d at 270). Where "the restricted appeal [is] filed within six months by a party that did not participate in the default hearing, the only question [is] whether error [is] apparent on the face of the record." *Wachovia Bank of Delaware, N.A. v. Gilliam*, 215 S.W.3d 848, 849 (Tex. 2007))

"In a restricted appeal, defective service of process constitutes error apparent on the face of the record." *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.). "There are no presumptions in favor of valid issuance, service, and return of citation in the face of a [direct] attack on a default judgment." *Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). For a default judgment to withstand direct attack, it is essential that "strict compliance with the rules for service of citation affirmatively appear on the record." *Id.* Unless the defendant voluntarily appears before judgment, strict compliance must be apparent on the record. *Starbucks Corp., Inc. v. Smith*, No. 05-06-01500-CV, 2007 WL 3317523, at *1 (Tex. App.—Dallas Nov. 9, 2007, no pet.) (citing *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965)). "Virtually any deviation will be sufficient to set aside a default judgment in a restricted appeal." *Dolly*, 10 S.W.3d at 388; *see also Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (failure to show strict compliance with the rules relating to proper service renders attempted service "invalid and of no effect").

## III. APPLICATION OF THE LAW TO THE FACTS

The certificate from the Secretary of State shows service was attempted by the Secretary of State by certified mail, return receipt requested, sent to "Elizabeth Becker, 350 N. Robert St., St. Paul, MN 55101." Further, that certificate states the mail was returned marked "No Such Number."

The record indicates that USBNA filed notice of this restricted appeal within six months after the judgment was signed. It further shows that USBNA was a party to this suit, it did not participate in the hearing that resulted in the default judgment at issue, and USBNA did not file any postjudgment motions or requests for findings of fact and conclusions of law. Consequently, the only issue relevant in this case is whether there is error apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848 (laying out elements of a restricted appeal).

USBNA asserts that the record shows service was not accomplished in strict compliance with Texas law regarding service. Further, citing *MobileVision Imaging Services, L.L.C. v. LifeCare Hospitals of N. Texas, L.P.*, USBNA argues "[w]hen the plaintiff relies on service through the secretary of state, the record must show that (1) the defendant was amenable to service through the secretary of state and (2) the defendant was in fact served in the manner required by the statute." *MobileVision Imaging Services, L.L.C. v. LifeCare Hospitals of N. Texas, L.P.*, 260 S.W.3d 561, 564 (Tex. App.—Dallas 2008, no pet.). Specifically, USBNA also contends that it was not amenable to service through the Texas Business Organizations Code § 5.251, nor does the record show that it was served in compliance with either the Business Organizations Code or the long-arm statute of the Civil Practice and Remedies Code.

In response, Bonney contends on appeal that service was properly accomplished pursuant to Texas Business Organizations Code § 5.251. She argues that service in this case met the requirements of the Business Organizations Code because, in her petition, USBNA "is alleged to

be a foreign filing entity that did not maintain a registered agent for service of process in this State." Bonney further contends that she did not need to allege that the address provided was USBNA's "home or home office" pursuant to the Long-Arm statute of the Civil Practice and Remedies Code since "the documents were directed to the address designated by [USBNA] to receive service of process."

However, Bonney has not addressed the critical proposition we must consider. That is, whether the face of the record shows USBNA was served with strict compliance with the rules for service of citation. *See Starbucks Corp., Inc.*, 2007 WL 3317523, at *1-2. The record shows the only proof of service is the Secretary of State's return bearing the notation "No such number." That return is prima facie evidence that USBNA was not served. *See GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); *see also Uvalde Country Club*, 690 S.W.2d at 885; *Wright Bros. Energy, Inc. v. Krough*, 67 S.W.3d 271, 275 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (holding that where process was returned with notation "no such number," this was sufficient to put plaintiff on notice that there was a "problem with the address").

We conclude there is error apparent on the face of the record. *See id.* The first issue is decided in USBNA's favor. This issue is dispositive, so we need not address USBNA's second issue. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We reverse the default judgment of the trial court, and the case is remanded for proceedings consistent with this opinion.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

121294F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, Appellant | On Appeal from the 116th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-12-04176. |
| No. 05-12-01294-CV       V. | Opinion delivered by Justice Lang.   Justices Moseley and Brown participating. |
| BONNEY, PAULA A., Appellee | |

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED**, and this case is **REMANDED** to the trial court for proceedings consistent with this opinion.

It is **ORDERED** that appellant U.S. Bank National Association recover its costs of this appeal from appellee Paula A. Bonney.

Judgment entered this 13th day of December, 2013.

/Douglas S. Lang/

DOUGLAS S. LANG
JUSTICE